# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF ILLINOIS

SAROYA ROBERSON, CHRISTA HAMMOND, TONIKA SMITH, DAPHNE WILLIAMS, IDELLA HILL, OLABISI BODUNDE, VICTORIA BREWER, ALYSSA BENDERSKY, FELECIA WILLIAMS, ATTLA DUPREE, and JAMEEA BOYKIN, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

MAESTRO CONSULTING SERVICES LLC, INDIVIDUALLY AND D/B/A SYMPHONY POST ACUTE NETWORK; *et al.*,

Defendants.

Case No. 3:20-cv-00895

## DEFENDANTS' MOTION TO TRANSFER VENUE

Plaintiffs have filed an amended complaint under the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.* that contains 169 counts, names eleven plaintiffs and twenty-one defendants.[1] In accordance with 28 U.S.C. § 1404(a), Defendants request, in the event some or all of their pending motion to dismiss is denied, that this Court transfer this suit to the Northern District of Illinois, which now has overwhelming contacts with this case:

- All but one of the Defendants is located within, and conduct their principal business operations within, the Northern District of Illinois;

- All but one of the eleven named Plaintiffs resides within the Northern District of Illinois;

---

[1] The original defendants to this lawsuit are Roberson's former employer, Symphony Sycamore, LLC ("Sycamore"), and three other entities—Symphony M.L., LLC, Symphony Monarch Holdings, LLC, and Symphony Healthcare, LLC—that never employed Roberson, or anyone else for that matter. *See Roberson v. Symphony Post Acute Care Network*, 2019 IL App (5th) 190144-U, ¶¶9, 11, 19, *appeal denied*, 144 N.E.3d 1211 (Ill. 2020).

- The overwhelming majority of likely witnesses regarding the time-keeping practices at issue reside within the Northern District of Illinois;

- The Northern District of Illinois is the District in which virtually all of the alleged violations of statute occurred; and

- The bulk of the records and other potentially responsive information are located in the Northern District of Illinois.

Indeed, the only apparent connection between this forum and the claims asserted in this case is that **one** of the eleven named plaintiffs in this purported class action (Roberson) resides in this district and that **one** Defendant (Symphony Sycamore) conducts its business there.  But in a class action, the choice of forum and the location of a single named plaintiff are insubstantial considerations under Section 1404(a) (Argument Section I.B.1) and, in any event, are overwhelmed by all other factors the Court should consider (Argument Sections I.B.2-4, II).  Accordingly, in the event the Court denies some or all of Defendants' pending motion to dismiss, Defendants respectfully submit that this case should be transferred to the District where the bulk of the witnesses and records are located, where all Defendants (save one) conduct their business, and where most of the events at issue took place—the Northern District of Illinois.

## BACKGROUND

The eleven plaintiffs are current or former employees of various Defendants who allege that Defendants violated BIPA in collecting, capturing, and storing "each of the Named Plaintiffs' biometric information for the purpose of tracking time and attendance while working at Symphony locations."  (Am. Compl. [Dkt. #10-2] at ¶9)  In particular, the Amended Complaint alleges the following with respect to Plaintiffs' employment within a "network of nursing homes" (*id.* at ¶22):

- Saroya Roberson is a former employee of Sycamore Village in Swansea, Illinois located at 225 Castellano Dr. Swansea, IL 62226 (*id.* at ¶10);

- Christa Hammond is a current employee of Symphony of Lincoln Park located at 1366 W Fullerton Ave, Chicago IL 60614 (*id.* at ¶11);

- Tonika Smith is a former employee of Symphony of Joliet located at 306 N Larkin Ave, Joliet, IL 60435 (*id.* at ¶12);

- Daphne Williams is a former employee of Symphony of Joliet located at 306 N Larkin Ave, Joliet, IL 60435 (*id.* at ¶13);

- Idella Hill is former employee of Symphony of South Shore located at 2425 E 71st St, Chicago, IL 60649 and Symphony of Chicago West located at 5130 W Jackson Blvd, Chicago, IL 60644 (*id.* at ¶14);

- Olabisi Bodunde a former employee of Symphony of South Shore located at 2425 E 71st St, Chicago, IL 60649, Symphony of Morgan Park located at 10935 S. Halsted St. Chicago, IL 60628, Symphony at 87th Street located at 2940 W 87th Street, Chicago, IL 60652, and Symphony of Bronzeville located at 3400 S Indiana Ave, Chicago, IL 60616 (*id.* at ¶15);

- Victoria Brewer is a former employee of Symphony at Midway located at 4437 Cicero Ave, Chicago, IL 60632, Symphony of Chicago West located at 5130 W Jackson Blvd, Chicago, IL 60644, and Monroe Pavilion previously located at 1400 W Monroe St #2512, Chicago, IL 60607 (*id.* at ¶16);

- Alyssa Bendersky is a former employee of Symphony of Orchard Valley located at 2230 W Galena Blvd, Aurora, IL 60506 (*id.* at ¶17);

- Felecia Williams is a former employee of Symphony of Crestwood located at 14255 S Cicero Ave, Crestwood, IL 60445 (*id.* at ¶18);

- Attla Dupree is a former employee of California Gardens located at 2829 S. California Blvd, Chicago, IL 60608 (*id.* at ¶19); and

- Jameea Boykin is a former employee of California Gardens located at 2829 S. California Blvd, Chicago, IL 60608 (*id.* at ¶20).

As these allegations reflect, all but one of the Defendants conduct their business operations in counties that fall within the Northern District,[2] and, in addition, all but one of the Plaintiffs resides within the Northern District, or at least close enough to the Northern District for employers located there. And because this case involves the time-keeping practices and business operations of Defendants, any non-party witnesses and documentary information likely will be located within the

---

[2] Certain of the other Defendants do not have employees or active business operations, but rather operate in effect as single-purpose entities that hold various lease and membership interests. *See, e.g., Roberson v. Symphony Post Acute Care Network*, 2019 IL App (5th) 190144-U, ¶¶9, 11, 19, *appeal denied*, 144 N.E.3d 1211 (Ill. 2020). And as the Complaint reflects, certain named Defendants do not employ any of the named Plaintiffs. (*See* Am. Compl. [Dkt. #10-2] at ¶¶10-20)

-3-

65925674v.2

Northern District or relatively close thereto; and, in any event, there is no connection to the Southern District of Illinois beyond that Roberson lives there and once worked for Symphony Sycamore in Swansea, Illinois. (*Id.* at ¶10)

## ARGUMENT

I. **The Controlling Legal Standard Under 28 U.S.C. § 1404(a) Focuses On The Convenience Of All Parties And Witnesses.**

In accordance with Section 1404, this case should be transferred to the Northern District of Illinois. That statute provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal quotation omitted). According to the Supreme Court, Section 1404(a) calls for the trial of cases "at the place called for in the particular case by the consideration of convenience and justice." *Id.*

Under Section 1404(a), the transfer of a case to another District is appropriate if: "[1] venue is proper in both the transferee and transferor courts; [2] it is for the convenience of the parties or witnesses; and [3] it is in the interest of justice." *Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 552 (S.D. Ill. 2004) (Reagan, J.) (citing *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 219 (7th Cir. 1986)). Defendants will address each of these factors, in turn.

A. **Venue Is Proper In Both The Transferee and Transferor Courts.**

The first factor in the analysis cannot reasonably be subject to dispute. Venue is proper both in this District and the Northern District of Illinois because [1] one Defendant, Symphony Sycamore, conducts its business operations in the Southern District of Illinois and [2] all other Defendants conduct business operations, if at all, in the Northern District of Illinois. 28 U.S.C.

§ 1291(b)(1), (b)(2). Indeed, allegations in the Amended Complaint confirm as much. (Am. Compl. [Dkt. #10-2] at ¶¶10-20). As a result, the first factor in the analysis is readily satisfied here.

> B. **The Convenience Of The Parties And Witnesses Favors Transfer To The Northern District Of Illinois.**

Doubtless it would be more convenient for the witnesses and the parties to litigate this case in the Northern District of Illinois. When assessing whether the convenience of the parties and witnesses weighs in favor of transferring the case, the Court must consider the following factors: "[1] the plaintiff's choice of forum, [2] the location of the parties and witnesses, [3] the ease of access to sources of proof, and [4] the situs of material events." *Forcillo*, 220 F.R.D. at 552 (citing authority). Defendants will address each factor, in turn.

> 1. **Plaintiffs' Choice Of Forum Is Irrelevant Because They Bring A Purported Class Action.**

When a court is determining whether to transfer a case to another district, the plaintiffs' choice of forum is normally accorded some deference. But that is not the case with class action lawsuits, where courts repeatedly opine that the plaintiffs' choice of forum is given little deference, or none at all. *See, Hirst v. SkyWest, Inc.*, 405 F. Supp. 3d 771, 777 (N.D. Ill. 2019) ("a plaintiff's choice of forum is afforded less deference when the plaintiff represents a class"); *Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 472 (N.D. Ill. 1979) (a plaintiff's "choice of a forum becomes substantially less important when he sues representatively on behalf of a class"); *see also, e.g., Boyd v. Snyder*, 44 F.Supp.2d 966, 969 (N.D. Ill. 1999) (when a plaintiff alleges a class action, "plaintiff's home forum is irrelevant"); *Georgouses v. NaTec Res., Inc.*, 963 F.Supp. 728, 730 (N.D.Ill. 1997) (same). This principle applies with particular force here, given that all but one of the named Plaintiffs resides within, or reasonably close to, the **transferee** district. *See also Radiation Stabilization v. Varian*, No. 11 C 7701, 2012 WL 1886456, at *2 (N.D. Ill. May 17, 2012) ("[w]hen a plaintiff brings charges in a venue that is not its home forum, the choice of forum is entitled to less

deference, as the presumption that its forum is convenient applies with less force") (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)); *Essex Ins. Co. v. Dimucci Dev. Corp. of Ponce Inlet, Inc.*,, No. 14 C 7234, 2015 WL 1137648, at *2 (N.D. Ill. Mar. 10, 2015) (same).

Furthermore, the plaintiffs' choice of forum may be given less deference "when another forum has a stronger relationship to the dispute." *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007); *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (same). In this case, the only relation to the Southern District of Illinois is that one of the Plaintiffs and one of the Defendants are located in that District. In stark contrast, however, all other Plaintiffs reside in the Northern District of Illinois and all other Defendants conduct their business operations principally within the Northern District of Illinois. As a consequence, the Northern District of Illinois has a far stronger connection to the dispute than this District, and, for this reason too, the Plaintiffs' choice of forum should be given little to no deference.

      2.      **The Location Of The Witnesses And The Parties Strongly Supports Transfer To The Northern District Of Illinois.**

           a.      **The Location Of The Witnesses Favor Transfer.**

The next factor counsels in favor of transfer. Indeed, "the convenience of the witnesses . . . is the most important factor in the transfer balance." *Forcillo*, 220 F.R.D. at 553. The Court should consider the number of witnesses located near or in the respective forums, as well as "the nature and quality of their testimony with respect to the issues." *Id.*

This case relates to the time-keeping practices of various Defendants vis-à-vis their respective employee populations. As a result, the core facts pertain to entities that conduct their business operations principally within the Northern District of Illinois. That is where most witnesses will reside—including ten of the eleven Plaintiffs—and where most, if not all, of the document evidence is located. Stated conversely, there is no connection to this District, save for the fact that one Plaintiff (Roberson) once worked for one Defendant (Symphony Sycamore).

-6-
65925674v.2

This action should also be transferred to the Northern District of Illinois because the integral witnesses are not subject to the compulsory process of this Court. *See* Fed. R. Civ. P. 45; *see also Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 511 (1947) ("Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on depositions, is to create a condition not satisfactory to court, jury or most litigants."). Former employees of Defendants and other non-party witnesses who live in the Northern District would not be subject to the compulsory process of the Southern District. Thus, the inability of this Court to compel attendance of these witnesses at trial, as compared to the ability of the Northern District to do so, weighs in favor of transfer.

In sum, the overwhelming majority of potential witnesses are located in the Northern District of Illinois. The Northern District of Illinois would be more convenient to them than any other district. Therefore, it is indisputable that this "most important" factor weighs in favor of transferring this case to the Northern District of Illinois.

### b. The Location Of The Parties Favors Transfer.

The location of the parties also counsels in favor of transfer. All but one of the Defendants conducts their business operations principally within the Northern District of Illinois. And only one of the Plaintiffs resides within this District. The other Plaintiffs and the class of current and former employees they seek to represent likely in the Northern District of Illinois, or relatively close thereto. If anything, Plaintiffs are better served by having the case transferred to the Northern District of Illinois, where more of them live. At worst, they certainly will be neither more nor less inconvenienced. Thus, this factor—the location of the parties—strongly militates in favor of transfer.

### 3. Ease Of Access To Sources Of Proof Favors The Northern District.

Documents relating to time-keeping policies, business operations, and employee-related information are located principally where the Defendants conduct their respective business operations. In contrast, none of the key documents are located within this District with the sole exception being those documents and records pertaining to Symphony Sycamore's operations. The ease of access to sources of proof supports transfer to the Northern District of Illinois.

### 4. The Situs Of Material Events Is Within The Northern District.

The complaint alleges that Defendants violated BIPA by requiring employees to clock in and out from work on certain time clocks. (*See, e.g.,* Am. Compl. at ¶¶9, 109-120) Accordingly, these alleged violations would have occurred, if at all, in the Northern District of Illinois where employees used the time clocks. And, again, the only violations alleged to have occurred in the Southern District of Illinois are those pertaining to Roberson's short tenure with Symphony Sycamore. This factor thus also favors transferring venue.

\* \* \*

To recap, all of the relevant factors counsel in favor of transferring this case to the Northern District of Illinois:

❶ **Plaintiffs' Choice of Forum**: This is putative class action, which in itself diminishes whatever deference would normally apply; plus, ten of the eleven named plaintiffs reside in the transferee District, and virtually all of the alleged statutory violations occurred there, which gives further reason to accord no significant deference to Plaintiffs' choice of forum.

❷ **Location of Witness and Parties**: Virtually all potential witnesses and parties are located in the Northern District of Illinois. In contrast, only Roberson and her employer have ties to this District.

❸ **Location of Documents**: Because all but one of the named Defendants conducts their business operations principally within the Northern District, the vast majority of documents in this case are located in the transferee district.

❹ **Situs of Material Events**: Virtually, all of the alleged BIPA violations would have occurred, if at all, in the Northern District of Illinois where the putative class members allegedly used the time clocks at issue.

Thus, in line with the determination of other courts in circumstances like these—*see e.g., Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, *5 (S.D. Ill. Mar. 8, 2002) (case transferred because overwhelming number of witnesses and documents were located in transferee district and plaintiffs offered no reason why defendants should bear cost of transporting witnesses, documents, and counsel to transferor district); *Countryman et. al. v. Stein Roe & Farham*, 681 F. Supp. 479, 482-84 (N.D. Ill. 1987) (case transferred because 15 of 17 parties resided in transferee district, including two institutional defendants and its employees headquartered in that district and because overwhelming majority of party witnesses and significant nonparty witnesses located in transferee district)—transfer is appropriate here.

## II. The Interests Of Justice Favor Transfer To The Northern District Of Illinois.

The interests of justice further supports transfer. *See In re Mathias*, 867 F.3d 727, 731 (7th Cir. 2017) (a court considering a motion to transfer venue also assesses whether transfer will promote "the interest of justice"). Factors traditionally considered in this analysis include "[a] the relation of the community to the occurrence at issue in the litigation and the desirability of resolving controversies in their locale; [b] the court's familiarity with applicable law; and [c] the congestion of the respective courts dockets and the prospect of earlier trial." *See Nelson*, 2002 WL 442189 at *5; *Forcillo*, 220 F.R.D. at 554.

With respect to the relation of the community to the occurrence at issue, the Northern District of Illinois has a greater connection to this case than this District because all but one of the Defendants are located in the Northern District, ten of the eleven Plaintiffs reside in the Northern District, and virtually all of the alleged violations—save those against Symphony Sycamore— occurred in the Northern District.

-9-

The remaining two factors in the public interest analysis are neutral: First, this litigation concerns the application of an Illinois state law, and thus, both courts are equally capable of interpreting and applying that law in accord with the dictates of the *Erie* doctrine; second, the median number of months from filing to disposition in the Northern District and this District are comparable. (*See* Judicial Business of United States Courts 2019 Annual Report of the Director, available at www.uscourts.gov attached as Exhibit A.) Thus, there would be no delay in disposition of the case as a result of transfer.

\* \* \*

## **CONCLUSION**

Taking all factors into consideration, this case should be transferred to the Northern District of Illinois as an overwhelming number of witnesses and documents, as well as all but one Defendant and one Plaintiff are located within that district. Accordingly, if the Court denies some or all of Defendants' pending motion to dismiss, Defendants respectfully request, in accordance with 28 U.S.C. § 1404(a), that the Court enter an order transferring this case to the United States District Court for the Northern District of Illinois.

DATED:  September 23, 2020                    Respectfully submitted,

                                              SEYFARTH SHAW LLP


                                              By: /s/ Joseph A. Donado


                                              Richard P. McArdle (rmcardle@seyfarth.com)
                                              Joseph A. Donado (jdonado@seyfarth.com)
                                              SEYFARTH SHAW LLP
                                              233 South Wacker Drive
                                              Suite 8000
                                              Chicago, Illinois 60606
                                              Telephone:  (312) 460-5000
                                              Facsimile:  (312) 460-7000

                                              **Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO TRANSFER VENUE**, to be served upon all counsel of record through the Court's electronic notification system.

/s/ Joseph A. Donado

65925674v.2