# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAROYA ROBERSON, OLABISI BODUNDE, and NICHOLLE HEADLEY, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>MAESTRO CONSULTING SERVICES LLC, INDIVIDUALLY AND D/B/A SYMPHONY POST ACUTE NETWORK; SYMPHONY SYCAMORE LLC D/B/A SYMPHONY SYCAMORE VILLAGE; SYMPHONY BEVERLY, LLC D/B/A SYMPHONY AT 87TH STREET; SYMPHONY BRONZEVILLE PARK, LLC D/B/A SYMPHONY OF BRONZEVILLE PARK; SYMPHONY OF EVANSTON HEALTHCARE, LLC D/B/A SYMPHONY OF EVANSTON; SYMPHONY PARK SOUTH, LLC D/B/A SYMPHONY OF MORGAN PARK; SYMPHONY SOUTH SHORE, LLC D/B/A SYMPHONY OF SOUTH SHORE; and DOE DEFENDANTS 1-100,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:20-cv-895 |

## SECOND AMENDED CLASS ACTION COMPLAINT

NOW COME Plaintiffs Saroya Roberson, Olabisi Bodunde, and Nicholle Headley, individually, and on behalf of all others similarly situated, by and through their undersigned attorneys, and bring this Class Action Complaint pursuant to 735 ILCS 5/2-801, *et seq.,* and allege as follows:

1

**NATURE OF THE ACTION**

1.     Defendant, Maestro Consulting Services, LLC (hereinafter "Maestro") is a management company which operates, manages, owns or controls a network of approximately 29 nursing facilities, including approximately 20 Illinois locations, and six of which where Plaintiffs worked.  Maestro did so under the auspices of the "Symphony Post Acute Network" (hereinafter "SPAN").  SPAN is the name under which Maestro conducts business and has its website and is otherwise an alter ego of Maestro.  Precisely as its name reveals, Maestro conducts, controls, and orchestrates the activities of the nursing facilities comprising SPAN.

2.     As part of its management of such facilities, Maestro instituted, managed, conducted, and orchestrated a program to capture the biometric information and/or biometric identifiers of workers.

3.     This is a Class Action for money damages arising from Maestro and the other Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et. seq., ("BIPA") in that Maestro and the other Defendants illegally collected, stored and used Plaintiffs' and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without first making publicly available policies establishing a retention schedule and guidelines for the destruction thereof, informing the subjects that such information was being collected and stored, stating the purpose and length of term for such information being collected, obtaining informed written consent from the subjects, all in direct violation of BIPA, and otherwise violated the provisions of BIPA.

4.     The Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c).  "For example, social security numbers, when compromised, can be changed. Biometrics, however, are

biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." Id.

5.       In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)), the Illinois legislature enacted BIPA, which provides, inter alia, that a private entity may not obtain and/or possess an individual's biometrics unless it:  (1)  informs that person in writing that biometric identifiers or information will be collected or stored, see id.; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, see id.;   (3) receives a written release from the person for the collection of his or her biometric identifiers or information, see id.; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.  740 ILCS 14/15(a) and (b).

6.       In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, Maestro and the other Defendants are and have been actively collecting, capturing, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of hundreds or more unwitting Illinois resident citizens. The Defendants are also violating additional provisions of BIPA as further detailed herein.

7.       Plaintiffs seek class certification pursuant to 735 ILCS 5/2-801, et seq. Saroya Roberson, Olabisi Bodunde, and Nicholle Headley, individually, and on behalf of all others similarly situated ("the Class"), bring this action against Maestro, the facility Defendants and the Doe Defendants described in further detail below (collectively, "Defendants"), for claims relating to the violation of Plaintiffs' privacy rights and to recover statutory damages for Defendants'

unauthorized collection, capture, storage, and use of Plaintiffs' and the Class members' respective biometric information in violation of BIPA.

### PARTIES

**I.      PLAINTIFFS**

8.      Plaintiff, Saroya Roberson, is, and at all times relevant to this action was, an Illinois resident who worked as a non-union employee at Symphony Sycamore Village in Swansea, Illinois located at 225 Castellano Dr. Swansea, IL 62226, which is operated, controlled, or managed in whole or in part by Maestro and Symphony Sycamore LLC.  Roberson was required to submit her biometric information at the direction of and for use by Maestro and Symphony Sycamore, under the auspices of the SPAN.  At no time during her employment was Roberson first informed in writing that her biometric information was being collected, captured, or stored or of the specific purpose and length of term for which her biometric information was being collected, captured, stored, and used.  At no time did Roberson first execute a writing releasing or permitting Maestro and/or Symphony Sycamore to utilize her biometric information.   Roberson was never first provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of her biometric information.  Additional and independent wrongdoing with respect to Roberson's biometric identifiers and biometric information is further detailed below.

9.      Olabisi Bodunde is, and at all times relevant to this action, was an Illinois resident who worked as a non-union employee at Symphony of South Shore located at 2425 E 71st St, Chicago, IL 60649, which is operated, controlled, or managed in whole or in part by Maestro and Symphony South Shore LLC; Symphony of Morgan Park located at 10935 S. Halsted St. Chicago, IL 60628, which is operated, controlled, or managed in whole or in part by Maestro and Symphony

Park South LLC; Symphony at 87th Street located at 2940 W 87th Street, Chicago, IL 60652, which is operated, controlled, or managed in whole or in part by Maestro and Symphony Beverly LLC; and Symphony of Bronzeville located at 3400 S Indiana Ave, Chicago, IL 60616, which is operated, controlled, or managed in whole or in part by Maestro and Symphony Bronzeville LLC. Bodunde was required to submit her biometric information at the direction of and for use by Maestro and the Defendant facilities described herein, under the auspices of SPAN. At no time during her employment was Bodunde first informed in writing that her biometric information was being collected or stored or of the specific purpose and length of term for which her biometric information was being collected, stored, and used. At no time did Bodunde first execute a writing releasing or permitting Maestro or the Defendant facilities described herein to utilize her biometric information. Bodunde was never first provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of her biometric information. Additional and independent wrongdoing with respect to Bodunde's biometric identifiers and biometric information is further detailed below.

10.    Nicholle Headley is, and at all times relevant to this action, was an Illinois resident who worked as a non-union employee at Symphony of Evanston located at 820 Foster St, Evanston, IL 60201, which is operated, controlled, or managed in whole or in part by Maestro and Symphony of Evanston Healthcare LLC. Headley was required to submit her biometric information at the direction of and for use by Maestro and Symphony of Evanston Healthcare LLC, under the auspices of SPAN. At no time during her employment was Headley first informed in writing that her biometric information was being collected, captured or stored or of the specific purpose and length of term for which her biometric information was being collected, captured, stored, and used. At no time did Headley first execute a writing releasing or permitting Maestro

5

or Symphony of Evanston Healthcare LLC to utilize her biometric information. Headley was never first provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of her biometric information. Additional and independent wrongdoing with respect to Bodunde's biometric identifiers and biometric information is further detailed below.

## II.   MAESTRO AND THE OTHER DEFENDANTS

11.     Maestro operates, manages, owns or controls a network of approximately 29 nursing facilities, including six Illinois facilities where Plaintiffs worked. Maestro did so under the auspices of SPAN, which may or may not be a service mark registered to Maestro but is also an alter ego of the company and/or a name under which Maestro conducts business. Precisely as its name reveals, Maestro conducts, controls, and orchestrates the activities of the nursing facilities comprising SPAN.

12.     As part of its management company functions, Maestro collects, captures, purchases, receives through trade, or otherwise obtains biometric identifiers or biometric information at and from its SPAN nursing facilities. Such locations include, but are not limited to, the SPAN Illinois nursing facilities where the named Plaintiffs were employed. Additional Illinois facility locations will undoubtedly continue to be revealed in discovery.

13.     Maestro is an Illinois LLC organized under the laws of the State of Illinois.

14.     In addition to Maestro, which orchestrates and conducts the enterprise, SPAN also includes Defendant, Symphony Sycamore LLC (hereinafter "Symphony Sycamore"), an Illinois LLC organized under the laws of the State of Illinois and which owns the license for assisted living facility Symphony Sycamore Village.

15.     In addition to Maestro, which orchestrates and conducts the enterprise, SPAN also includes Symphony of South Shore LLC (hereinafter "Symphony of South Shore"), an Illinois LLC organized under the laws of the State of Illinois and which owns the license for long term care facility Symphony of South Shore.

16.     In addition to Maestro, which orchestrates and conducts the enterprise, SPAN also includes Symphony Park South LLC (hereinafter "Symphony Park South"), an Illinois LLC organized under the laws of the State of Illinois and which owns the license for long term care facility Symphony of Morgan Park.

17.     In addition to Maestro, which orchestrates and conducts the enterprise, SPAN also includes Symphony Beverly LLC (hereinafter "Symphony Beverly"), an Illinois LLC organized under the laws of the State of Illinois and which owns the license for long term care facility Symphony at 87th Street.

18.     In addition to Maestro, which orchestrates and conducts the enterprise, SPAN also includes Symphony Bronzeville LLC (hereinafter "Symphony Bronzeville"), an Illinois LLC organized under the laws of the State of Illinois and which owns the license for long term care facility Symphony of Bronzeville.

19.     In addition to Maestro, which orchestrates and conducts the enterprise, SPAN also includes Symphony of Evanston Healthcare LLC (hereinafter "Symphony of Evanston"), an Illinois LLC organized under the laws of the State of Illinois and which owns the license for long term care facility Symphony of Evanston.

20.     Plaintiffs are unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Doe Defendants 1 through 100 inclusively and therefore Plaintiffs sue them by these fictitious names.   Plaintiffs

name only the Doe Defendants 1 through 100 that are citizens of Illinois, and specifically refrains from and does not include herein any non-Illinois citizen whether individual, corporate, associate or otherwise.  Doe Defendants 1 through 100 are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiffs will amend the Complaint to show the true names and capacities of these fictitiously named defendants.

## III.    DEFENDANTS' COMMON LIABILITY

21.    Defendants and each of them are all "offending parties" within the meaning of the Illinois Biometric Information Privacy Act, 740 ILCS 14/20.

22.    Stating further, and/or in the alternative, there exists, and at all times relevant to this action there existed, a unity of control, action, activity, and/or ownership among the Defendants, with Maestro managing and leading the SPAN assisted living and nursing facilities, such that any individuality and separateness between and among the SPAN member facilities and Maestro has ceased.  At all times pertinent to this action, the SPAN Defendants shared officers, directors, managers, members, and/or employees.  The SPAN facility Defendants made decisions in a uniform voice, namely, that which Maestro and SPAN dictated.

23.    Stating further, and/or in the alternative, Maestro and the SPAN facility Defendants, and each of them, exercised, and continue to exercise, control over SPAN, including the facts and circumstances giving rise to this case, such that each of them, and all of them, are liable jointly and severally for the acts of each other and the acts of the Doe Defendants, or otherwise equally liable for the action/omissions of each other, in whole or in part, whether through operation of respondeat superior, the law of agency, alter ego, common law joint and several liability, joint enterprise/civil conspiracy, joint employer, or other grounds.

24.     Regardless of whether the phrase SPAN is registered as a service mark, SPAN is far more than that, and has an existence separate and apart from any such connotation.  Registration of the phrase neither defines nor informs the real-world facts.  For example, SPAN has a Chief Operating Officer named Michael Munter.

25.     SPAN's Chief Operating Officer Michael Munter has confirmed the separate existence of SPAN as an existing and practicing business entity or relationship by describing the network as "an integrated post acute care and senior housing provider in the midwestern United States."

26.     An "integrated post acute care and senior housing provider in the midwestern United States" does not describe a service mark.  It describes an existing and practicing business entity, business venture, or similar relationship.  It describes a going concern.  It describes Maestro.

27.     The business entity/venture SPAN's Chief Operating Offer has described is a unitary one, comprised of common control and/or ownership among Defendants.  In his own words, it is "integrated."

28.     "Integrated": "marked by the unified control of all aspects of production from raw materials through distribution of finished products."  *Merriam-Webster.com*, "integrated."[1]

29.     In the words of SPAN's Chief Operating Officer, the Network is also a "provider" – in the singular.  Maestro is that provider.

30.     As an "integrated post acute care and senior housing provider in the midwestern United States," Defendants are all equally liable for the acts and wrongdoing described herein, which relate to their integrated, interlocking business activities – SPAN operated, controlled, managed, conducted, and orchestrated by Maestro.

---

[1] https://www.merriam-webster.com/dictionary/integrated, last accessed December 11, 2019.

31.     The SPAN Defendants certainly behave in the real world as an "integrated post acute care and senior housing provider in the midwestern United States."

32.     For example, Maestro operates and controls a unitary job search database / outreach to prospective employees.  It promotes itself as an "Employer of Choice."

33.     Again, note Maestro's use of the singular: "Employer."

34.     Maestro/SPAN's job board did not advise interested parties or the public of any corporate distinction.  (Upon information and belief, Defendants have since changed their website in direct response to this lawsuit.)

35.     Maestro and the other SPAN Defendants also operated an "integrated post acute care and senior housing provider in the midwestern United States" with respect to the very issues in this lawsuit – namely the mishandling of SPAN workers' biometric information and biometric identifiers.

36.     In addition to a Chief Operating Officer, SPAN also has a Vice-President of Human Resources, Scott Norton.

37.     The following email communication from SPAN's Vice-President of Human Resources, Scott Norton, illustrates the integrated action between and among all Defendants, as controlled, directed, operated, conducted, and orchestrated by Maestro:

> **From:** Scott Norton
> **Sent:** Thursday, September 14, 2017 11:50:24 AM
> **To:** Aja Davis; Allison Haschke; Arlene Triplitt; Carlene Brumfield; Carrie Etchison; Chamile Doss; Christine Russell; Claudia Strong - HR; Dana Calkins; Denise Davis; Elouise Cornelius; Jackson Square HR; Junetta Force; Kathy Villarreal; Kelly Cotton; Lilli Mancera; Lori Jones; Marian Jakovec; Maureen Tilschner; Melissa Francis; Orchard Valley HR; Rafael Batrez; Rosie Goines; Sandy Lucht; Satoya Russell; Sue Keenan; Vicki Kelley; Victoria Lilly
> **Subject:** Project for completion by 9/30/2017
> Hello team,
> If you are over a center in Indiana or Wisconsin you can delete this email now.
> For all of you lucky HR folks in Illinois we need to have every hourly employee

read and acknowledge receipt of the following and put into their file. Due to some changes in technology with the Kronos implementation we are going to have employees acknowledge the Illinois Biometric Information Privacy Act, 740 ILCS 14/10. You will need to change or add to the yellow highlighted area in order to customize the form to your location. Should you have any questions let me know. Whatever method you are using to track who has or has not completed it please utilize so you can report to me when you have everyone done. For those PRN that haven't worked in a long time maybe it is a good time to purge them from the system.

Thank You Everyone.

Scott Norton

Senior VP of HR

Phone:  234-806-6786

Symphony Post Acute Network

38.     The "we" that SPAN's Vice-President of Human Resources refers to is the SPAN Defendants, and all of them – SPAN, as controlled, directed, operated, conducted, and orchestrated by Maestro.

39.     The "we" whom SPAN's Vice-President of Human Resources alerts of the Illinois Biometric Information Privacy Act means the SPAN nursing facility Defendants, and all of them – SPAN, as controlled, directed, operated, conducted, and orchestrated by Maestro.

40.     The "we" whom SPAN's Vice-President of Human Resources directs to destroy employee records relating to the Illinois Biometric Information Privacy Act means the SPAN Defendants, and all of them – SPAN, as controlled, directed, operated, conducted, and orchestrated by Maestro.

41.     Issuing a system-wide email advising the SPAN nursing facilities to destroy employee records so as to avoid liability under the Illinois Biometric Information Privacy Act is the act of an "integrated post acute care and senior housing provider in the midwestern United States."  It is the act of Maestro and/or the other SPAN nursing facility Defendants acting at its direction.

42.     It can also be noted that healthcare providers are required to submit Care Cost Reports to the Illinois Department of Healthcare and Family Services.  SPAN did so for numerous of its Illinois-based long-term care locations and/or assisted living facilities.  These reports reveal, inter alia, an identity (or near-identity) of relationships, with Maestro listed as the management company for all SPAN nursing facilities[2].

43.     As per the foregoing, SPAN is in fact a business entity/enterprise (or network of entities) with a unity of interest, direction and voice, controlled, directed, operated, conducted, and orchestrated by Maestro.  This too results in Defendants' common liability in addition to the other grounds stated herein.

## JURISDICTION AND VENUE

44.     This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 et seq.) (hereinafter "BIPA") seeking statutory and actual damages.

45.     This Court has subject matter and personal jurisdiction over the parties to this cause of action.  All named parties are citizens of Illinois.  Accordingly, there is no complete diversity of citizenship as contemplated by 28 U.S.C. §1332(a), nor is there minimal diversity as contemplated by 28 U.S.C. §1332(d).  No federal question is presented by this complaint.  None of the Plaintiffs is a union member or collective bargaining employee. Plaintiffs bring this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other

---

[2] These Reports are publicly available at
https://www.illinois.gov/hfs/MedicalProviders/CostReports/Pages/default.aspx

federal statute, law, rule, or regulation.  Federal jurisdiction does not exist.  Plaintiffs believe and allege that a cause of action exists under state law for the conduct complained of herein.

46.     This Class Action is brought on behalf of only Illinois citizens within the State of Illinois who submitted their respective biometric information to Maestro and the SPAN Defendants within the State of Illinois.

47.     Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over Maestro and the other SPAN nursing facility Defendants because these Defendants are citizens of Illinois and are therefore present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice.  Defendants are Illinois citizens because they have their principal place of business in Illinois, are Illinois LLCs, were organized under the laws of Illinois, and/or have a member that has its principal place of business in Illinois or was organized under the laws of Illinois.

## ADDITIONAL FACTS ALSO COMMON TO ALL COUNTS

**I.     Illinois' Biometric Information Privacy Act**

48.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA makes it unlawful for a company to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
> (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

49.     As alleged herein, Maestro and SPAN's practices of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of § 15(b) of BIPA.

50.     Section 15 (a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

51.     Maestro's and its SPAN nursing facilities' failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

52.     Maestro's and its SPAN nursing facilities' failure to comply with an established retention schedule and destruction guidelines further violates §15(a) of BIPA.

53.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information. . ."  740 ILCS 14/15(d).

54.     Upon information and belief, Maestro, under the auspices of SPAN, disclosed, redisclosed, or otherwise disseminated SPAN nursing facilities' workers' biometric information, and/or directed other SPAN nursing facility Defendants to do so, within the meaning of BIPA and in violation of §15(d) of BIPA.

55.     Section 15(e)(1) of BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . ." 740 ILCS 14/15(e)(1).

56.     Upon information and belief, Maestro and the SPAN facility Defendants did not use the reasonable standard of care in the healthcare industry when handling SPAN facilities' workers' biometric information.  Maestro and its SPAN facilities thereby violated §15(e)(1) of BIPA as well.  Among other things, and without limitation, encouraging the intentional destruction of biometric information and biometric identifiers in an effort to conceal evidence of wrongdoing is not the reasonable standard of care in the healthcare industry.  Discovery will upon information and belief reveal still further information regarding the practices of Maestro and the SPAN nursing facilities in this regard.

57.     Section 15(e)(2) of BIPA further requires BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(1).

58.     Upon information and belief, when handling SPAN nursing facilities' workers' biometric information, Maestro and the SPAN nursing facilities did not employ procedures which are the same or more protective than the manner in which Maestro and the SPAN nursing facilities store, transmit, and otherwise protect other confidential and sensitive information.  Maestro and the SPAN nursing facilities thereby violated §15(e)(1) of BIPA as well.  Among other things, and without limitation, encouraging the intentional destruction of biometric information and biometric identifiers in an effort to conceal evidence of wrongdoing is not in any way protective of that

information.  Discovery will upon information and belief reveal still further information regarding the practices of Maestro and the SPAN nursing facilities in this regard.

## II.    Maestro and SPAN's Utilization of Biometric Information To Advance Its Commercial Interests

59.    Maestro and the other SPAN nursing facility Defendants implemented biometric scanners in Illinois to track time and attendance of nursing facility workers, and/or in furtherance of their role in operating, managing, conducting or directing the business interests of SPAN, in an effort to combat time and attendance fraud and/or for other purposes of advancing SPAN's commercial interests.

60.    The Plaintiffs' biometric information was collected, captured, stored and used by Maestro and the other SPAN nursing facility Defendants for the purpose of tracking time and attendance while the Plaintiffs worked for SPAN operated, managed and controlled nursing facilities, and/or in other furtherance of the commercial interests of SPAN.

## III.    Defendants' Violations of Illinois' Biometric Information Privacy Act

61.    Maestro, under the auspices of SPAN, procured finger or handprint readers/scanners for the purposes of measuring workers' time and attendance.  This is a primary method to "clock-in" at all of the SPAN Illinois nursing facility locations.  Maestro and the SPAN nursing facility Defendants acting at its direction required present and past employees who have worked at these locations to provide biometric information, specifically a scan of their finger and/or hand prints, when checking into and out of work at those facilities.

62.    Upon information and belief, Maestro and the SPAN nursing facility Defendants are violating BIPA in collecting and storing the biometric information of persons employed at the locations, as for example they have not and upon information and belief are not: first informing

employees in writing that their biometric information is or will be collected and stored; first informing employees in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used; first securing written releases from each respective employee.  Further details of the SPAN's wrongdoing as orchestrated by Maestro are elaborated below.

## CLASS ACTION ALLEGATIONS

63.     This action is brought by the named Plaintiffs on their own behalf and on behalf of a proposed Class of all other persons similarly situated, pursuant to 735 ILCS 5/2-801, defined as follows:

> All Illinois non-union citizens whose biometric information or biometric identifiers were collected, captured purchased, received through trade, or otherwise obtained in Illinois at any Symphony Post Acute Network location, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et. seq.*

64.     All members of the proposed Class are citizens of Illinois.  The principal injuries resulting from the alleged conduct or any related conduct of each SPAN nursing facility Defendant were incurred in Illinois.  On information and belief, during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

65.     All of the Defendants: are joined from which to gain significant legal relief by members of the Plaintiff Class; alleged conduct forms a significant basis for the claims asserted by the proposed Plaintiff Class; are citizens of the State of Illinois.  Stating in the alternative, the Defendants are all citizens of the State of Illinois.

66.     The Plaintiffs are the master of their complaint and cause.  Plaintiffs specifically exclude from the proposed class the claims of any non-Illinois citizen; any and all claims against any non-Illinois citizens; any other claims, including claims for personal injury, wrongful death,

or other property damage sustained by the Class; and any Judge conducting any proceeding in this action and members of their immediate families.

67.     The Class is so numerous that the individual joinder of all members is impracticable.  While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of the Defendants, and it is believed that the Class may include hundreds or thousands of members.

68.     Common questions of law or fact arising from the defendants' conduct exist as to all members of the Class, as required by 735 ILCS 5/2-801.  These common questions include, but are not limited to, the following:

a.    Whether Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class?

b.    If Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class, did the Defendants first inform the Plaintiffs and the Class in writing that a biometric identifier or biometric information was being collected or stored?

c.    If Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class, did the Defendants first inform the Plaintiffs and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

d.    If Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class, did the Defendants first request and receive a written release executed by the Plaintiffs and the Class concerning the biometric identifier or biometric information?

e.    If Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class, did the Defendants first develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been

satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

f.  If Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class, did the Defendants disclose, redisclose, or otherwise disseminate such biometric identifiers or biometric information?

g.  If Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class, did the Defendants store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry?

h.  If Maestro and the other SPAN nursing facility Defendants captured, collected, stored or used the biometric information of the Plaintiffs and the Class, did the Defendants  store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry?

69.  Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable.  The Class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.  The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

70.  Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years.  The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions.  Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

71.     Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs represent.  The interests of Plaintiffs, as the Class representatives, are consistent with those of the members of the Class.  In addition, Plaintiffs are represented by counsel experienced in complex and class action litigation.

72.     The prosecution of separate actions by individual members of the Class would create a risk of:

     a.   Inconsistent or varying adjudications with respect to individual members of the Class; and

     b.   Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

73.     Plaintiff and Class members envision no unusual difficulty in the management of this action as a Class action.

### COUNT I – MAESTRO CONSULTING SERVICES, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly Available Policy**
**(On Behalf of Plaintiffs and the Class)**

74.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

75.     Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Maestro is a "private entity" pursuant to BIPA.

76.     Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

77.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

78.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Maestro or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

79.     Maestro did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

80.     Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestro to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Maestro's violations of BIPA were negligent;  (5)  reasonable attorneys'

fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

<u>COUNT II – MAESTRO CONSULTING SERVICES, LLC</u>
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

81.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

82.     Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Maestro is a "private entity" pursuant to BIPA.

83.     Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

84.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Maestro or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

85.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

86.     Maestro did not comply with its established retention schedule and destruction guidelines.

87.     Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestro to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Maestro's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT III – MAESTRO CONSULTING SERVICES, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

88.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

89.     Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Maestro is a "private entity" pursuant to BIPA.

90.     Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

91.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored  . . ."  740 ILCS 14/15(b)(1).

92.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Maestro or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

93.     Maestro's collection and storage of the Plaintiffs' and Class Members' biometric data was done without first properly informing the Plaintiffs and Class Members in writing that a biometric identifier or biometric information was being collected or stored.

94.     Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestro to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Maestro's violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT IV – MAESTRO CONSULTING SERVICES, LLC
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

95.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

96.     Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Maestro is therefore a "private entity" pursuant to BIPA.

97.     Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

98.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2).

99.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Maestro or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

100.    Maestro failed to properly first inform the Plaintiffs or the Class Members in writing of the specific purpose and length of terms for which their biometric data was to be collected, stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

101.    Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestro to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Maestro's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT V – MAESTRO CONSULTING SERVICES, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

102.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

103.    Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Maestro is a "private entity" pursuant to BIPA.

104.    Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

105.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . ." 740 ILCS 14/15(b)(3).

106.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored Maestro or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

107.    Maestro's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

108.    Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestro to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Maestro's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate by the Court.

### COUNT VI – MAESTRO CONSULTING SERVICES, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

109.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

110.     Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Maestro is a "private entity" pursuant to BIPA.

111.     Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

112.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information . . ."  740 ILCS 14/15(d).

113.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Maestro or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

114.     On information and belief, Maestro disclosed, redisclosed, or disseminated the biometric information of Plaintiffs and the Class Members to, through and/or among others, including but not limited to other SPAN nursing entities or persons associated with SPAN.

115.     Stating further, while not necessary to pleading these claims, Maestro did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

116.     Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestroto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Maestro's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT VII – MAESTRO CONSULTING SERVICES, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

117.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

118.    Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Maestro is a "private entity" pursuant to BIPA.

119.    Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

120.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

121.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Maestro or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

122.     Maestro's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

123.     Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestro to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Maestro's violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT VIII – MAESTRO CONSULTING SERVICES, LLC
### Violation of 740 ILCS 14/15(e)(2)

**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

124.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

125.    Maestro is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Maestro is a "private entity" pursuant to BIPA.

126.    Maestro is a private entity that collects biometric information from SPAN's nursing facility workers.

127.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

128.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Maestro or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

129.    Maestro's collection and storage of the Plaintiffs' and Class Members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

130.    Maestro's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Maestro's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Maestro to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Maestro's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT IX – SYMPHONY BEVERLY, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly Available Policy**
**(On Behalf of Plaintiffs and the Class)**

131.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

132.    Symphony Beverly is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Beverly is a "private entity" pursuant to BIPA.

133.    Symphony Beverly is a private entity that collects biometric information from SPAN's nursing facility workers.

134.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

135.   The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Beverly or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

136.   Symphony Beverly did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

137.   Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Beverly's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverly to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740

ILCS 14/20(1) in the event the court finds that Symphony Beverly's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT X – SYMPHONY BEVERLY, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

138.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

139.    Symphony Beverly is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Symphony Beverly is a "private entity" pursuant to BIPA.

140.    Symphony Beverly is a private entity that collects biometric information from SPAN's nursing facility workers.

141.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Beverly or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

142.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

143.    Symphony Beverly did not comply with its established retention schedule and destruction guidelines.

144.    Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff

and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Beverly's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverly to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Beverly's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XI – SYMPHONY BEVERLY, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

145.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

146.    Symphony Beverly is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Beverly is a "private entity" pursuant to BIPA.

147.    Symphony Beverly is a private entity that collects biometric information from SPAN's nursing facility workers.

148.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored  . . ."  740 ILCS 14/15(b)(1) (emphasis added).

149.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Beverly or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

150.    Symphony Beverly's collection and storage of the Plaintiffs' and Class Members' biometric data was done without first properly informing the Plaintiffs and Class Members in writing that a biometric identifier or biometric information was being collected or stored.

151.    Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Beverly's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverly to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Beverly's violations of BIPA were

negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740

ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XII – SYMPHONY BEVERLY, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

152.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

153.    Symphony Beverly is a limited liability company organized under the laws of the

State of Illinois which is not a State or local governmental agency. Symphony Beverly is therefore

a "private entity" pursuant to BIPA.

154.    Symphony Beverly is a private entity that collects biometric information from

SPAN's nursing facility workers.

155.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture,

purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless it first: (2) informs the subject . . . in writing of the

specific purpose and length of term for which a biometric identifier or biometric information is

being collected, stored, and used."  740 ILCS 14/15(b)(2).

156.    The Plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by Symphony Beverly or its agents through, inter alia,

copying/recording of their respective fingerprints and possibly other individual biometric data

points.

157.    Symphony Beverly failed to properly first inform the Plaintiffs or the Class

Members in writing of the specific purpose and length of terms for which their biometric data was

to be collected, stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

158.    Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Beverly's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverlyto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Beverly's violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XIII – SYMPHONY BEVERLY, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

159.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

160.    Symphony Beverly is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Beverly is a "private entity" pursuant to BIPA.

161.    Symphony Beverly is a private entity that collects biometric information from SPAN's nursing facility workers.

162.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . ." 740 ILCS 14/15(b)(3).

163.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored Symphony Beverly or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

164.     Symphony Beverly's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

165.     Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Beverly's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverlyto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation

pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Beverly's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XIV – SYMPHONY BEVERLY, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

166.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

167.    Symphony Beverly is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Beverly is a "private entity" pursuant to BIPA.

168.    Symphony Beverly is a private entity that collects biometric information from SPAN's nursing facility workers.

169.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information . . ."  740 ILCS 14/15(d).

170.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Beverly or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

171.    On information and belief, Symphony Beverly disclosed, redisclosed, or disseminated the biometric information of Plaintiffs and the Class Members to, through and/or among others, including but not limited to other SPAN nursing entities or persons associated with SPAN.

172.    Stating further, while not necessary to pleading these claims, Symphony Beverly did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

173.    Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Beverly's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverlyto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Beverly's violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XV – SYMPHONY BEVERLY, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

174.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

175.    Symphony Beverly is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Beverly is a "private entity" pursuant to BIPA.

176.    Symphony Beverly is a private entity that collects biometric information from SPAN's nursing facility workers.

177.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

178.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Beverly or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

179.    Symphony Beverly's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

180.    Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Beverly's

actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief

as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverly

to comply with the requirements of BIPA as to the collection, storage and use of biometric data;

(4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to

740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740

ILCS 14/20(1) in the event the court finds that Symphony Beverly's violations of BIPA were

negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740

ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

<u>**COUNT XVI – SYMPHONY BEVERLY, LLC**</u>
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

181.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

182.    Symphony Beverly is a limited liability company organized under the laws of the

State of Illinois which is not a State or local governmental agency. Symphony Beverly is a "private

entity" pursuant to BIPA.

183.    Symphony Beverly is a private entity that collects biometric information from

SPAN's nursing facility workers.

184.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from

disclosure all biometric identifiers and biometric information in a manner that is the same as or

more protective than the manner in which the private entity stores, transmits, and protects other

confidential and sensitive information."  740 ILCS 14/15(e)(2).

185.    The Plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by Symphony Beverly or its agents through, inter alia,

copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

186.    Symphony Beverly's collection and storage of the Plaintiffs' and Class Members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

187.    Symphony Beverly's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Beverly's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Beverly to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Symphony Beverly's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XVII – SYMPHONY BRONZEVILLE PARK, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly Available Policy**
**(On Behalf of Plaintiffs and the Class)**

188.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

189.     Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Bronzeville Park is a "private entity" pursuant to BIPA.

190.     Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

191.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

192.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

193.     Symphony Bronzeville Park did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

194.     Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Park to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Bronzeville Park's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate by the Court.

### COUNT XVIII – SYMPHONY BRONZEVILLE PARK, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

195.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

196.    Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Bronzeville Park is a "private entity" pursuant to BIPA.

197.    Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

198.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

199.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

200.    Symphony Bronzeville Park did not comply with its established retention schedule and destruction guidelines.

201.    Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Park to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Bronzeville

47

Park's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XIX – SYMPHONY BRONZEVILLE PARK, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

202.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

203.    Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Bronzeville Park is a "private entity" pursuant to BIPA.

204.    Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

205.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored  . . ."  740 ILCS 14/15(b)(1) (emphasis added).

206.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

207.    Symphony Bronzeville Park's collection and storage of the Plaintiffs' and Class Members' biometric data was done without first properly informing the Plaintiffs and Class

Members in writing that a biometric identifier or biometric information was being collected or stored.

208.    Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Park to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Bronzeville Park's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XX – SYMPHONY BRONZEVILLE PARK, LLC
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

209.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

210.    Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Bronzeville Park is therefore a "private entity" pursuant to BIPA.

211.    Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

212.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2).

213.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

214.    Symphony Bronzeville Park failed to properly first inform the Plaintiffs or the Class Members in writing of the specific purpose and length of terms for which their biometric data was to be collected, stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

215.    Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq.,

appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Parkto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Bronzeville Park's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XXI – SYMPHONY BRONZEVILLE PARK, LLC**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

216.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

217.    Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Bronzeville Park is a "private entity" pursuant to BIPA.

218.    Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

219.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . ." 740 ILCS 14/15(b)(3).

220.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

221.    Symphony Bronzeville Park's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

222.    Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Park to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Bronzeville Park's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XXII – SYMPHONY BRONZEVILLE PARK, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

223.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

224.    Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Bronzeville Park is a "private entity" pursuant to BIPA.

225.    Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

226.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information . . ." 740 ILCS 14/15(d).

227.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

228.    On information and belief, Symphony Bronzeville Park disclosed, redisclosed, or disseminated the biometric information of Plaintiffs and the Class Members to, through and/or among others, including but not limited to other SPAN nursing entities or persons associated with SPAN.

229.    Stating further, while not necessary to pleading these claims, Symphony Bronzeville Park did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

230.    Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2)  a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Parkto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Bronzeville Park's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXIII – SYMPHONY BRONZEVILLE PARK, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

231.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

232.    Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Bronzeville Park is a "private entity" pursuant to BIPA.

233.   Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

234.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e)(1).

235.   The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

236.   Symphony Bronzeville Park's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

237.   Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Park to comply with the requirements of BIPA as to the collection, storage and use of

biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Bronzeville Park's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XXIV – SYMPHONY BRONZEVILLE PARK, LLC**
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

238.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

239.    Symphony Bronzeville Park is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Symphony Bronzeville Park is a "private entity" pursuant to BIPA.

240.    Symphony Bronzeville Park is a private entity that collects biometric information from SPAN's nursing facility workers.

241.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

242.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Bronzeville Park or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

243.     Symphony Bronzeville Park's collection and storage of the Plaintiffs' and Class Members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

244.     Symphony Bronzeville Park's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Bronzeville Park's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Bronzeville Park to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Symphony Bronzeville Park's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XXV – SYMPHONY OF EVANSTON HEALTHCARE, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly Available Policy**
**(On Behalf of Plaintiffs and the Class)**

245.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

246.    Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony of Evanston Healthcare is a "private entity" pursuant to BIPA.

247.    Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

248.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

249.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony of Evanston Healthcare or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

250.    Symphony of Evanston Healthcare did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

251.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony of Evanston Healthcare to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### <u>COUNT XXVI – SYMPHONY OF EVANSTON HEALTHCARE, LLC</u>
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

252.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

253.     Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony of Evanston Healthcare is a "private entity" pursuant to BIPA.

254.     Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

255.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony of Evanston Healthcare or its agents through, inter

alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

256.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

257.    Symphony of Evanston Healthcare did not comply with its established retention schedule and destruction guidelines.

258.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony of Evanston Healthcare to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate by the Court.

### COUNT XXVII – SYMPHONY OF EVANSTON HEALTHCARE, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

259.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

260.     Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony of Evanston Healthcare is a "private entity" pursuant to BIPA.

261.     Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

262.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored   . . ."  740 ILCS 14/15(b)(1) (emphasis added).

263.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony of Evanston Healthcare or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

264.     Symphony of Evanston Healthcare's collection and storage of the Plaintiffs' and Class Members' biometric data was done without first properly informing the Plaintiffs and Class Members in writing that a biometric identifier or biometric information was being collected or stored.

265.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2)  a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony of Evanston Healthcare to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXVIII – SYMPHONY OF EVANSTON HEALTHCARE, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

266.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

267.    Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony of Evanston Healthcare is therefore a "private entity" pursuant to BIPA.

268.    Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

269.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2).

270.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony of Evanston Healthcare or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

271.    Symphony of Evanston Healthcare failed to properly first inform the Plaintiffs or the Class Members in writing of the specific purpose and length of terms for which their biometric data was to be collected, stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

272.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring

Symphony of Evanston Healthcare to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXIX – SYMPHONY OF EVANSTON HEALTHCARE, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

273.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

274.    Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony of Evanston Healthcare is a "private entity" pursuant to BIPA.

275.    Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

276.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . ." 740 ILCS 14/15(b)(3).

277.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored Symphony of Evanston Healthcare or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

278.    Symphony of Evanston Healthcare's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

279.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony of Evanston Healthcareto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

<u>**COUNT XXX – SYMPHONY OF EVANSTON HEALTHCARE, LLC**</u>
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

280.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

281.    Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony of Evanston Healthcare is a "private entity" pursuant to BIPA.

282.    Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

283.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information . . ." 740 ILCS 14/15(d).

284.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony of Evanston Healthcare or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

285.    On information and belief, Symphony of Evanston Healthcare disclosed, redisclosed, or disseminated the biometric information of Plaintiffs and the Class Members to, through and/or among others, including but not limited to other SPAN nursing entities or persons associated with SPAN.

286.    Stating further, while not necessary to pleading these claims, Symphony of Evanston Healthcare did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

287.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony of Evanston Healthcareto comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXXI – SYMPHONY OF EVANSTON HEALTHCARE, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

288.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

289.   Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony of Evanston Healthcare is a "private entity" pursuant to BIPA.

290.   Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

291.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . ." 740 ILCS 14/15(e).

292.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony of Evanston Healthcare or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

293.    Symphony of Evanston Healthcare's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

294.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2)  a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony of Evanston Healthcare to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

<u>**COUNT XXXII – SYMPHONY OF EVANSTON HEALTHCARE, LLC**</u>
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

295.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

296.     Symphony of Evanston Healthcare is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Symphony of Evanston Healthcare is a "private entity" pursuant to BIPA.

297.     Symphony of Evanston Healthcare is a private entity that collects biometric information from SPAN's nursing facility workers.

298.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

299.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony of Evanston Healthcare or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

300.     Symphony of Evanston Healthcare's collection and storage of the Plaintiffs' and Class Members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

301.    Symphony of Evanston Healthcare's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2)  a declaration that Symphony of Evanston Healthcare's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony of Evanston Healthcare to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Symphony of Evanston Healthcare's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXXIII – SYMPHONY PARK SOUTH, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly Available Policy**
**(On Behalf of Plaintiffs and the Class)**

302.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

303.    Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Park South is a "private entity" pursuant to BIPA.

304.     Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

305.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

306.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

307.     Symphony Park South did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

308.     Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Park

South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Park South to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to  740  ILCS  14/20(2),  or  alternatively,  statutory  damages  of  $1,000.00  per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Park South's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XXXIV – SYMPHONY PARK SOUTH, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

309.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

310.    Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Symphony Park South is a "private entity" pursuant to BIPA.

311.    Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

312.    The  Plaintiffs  and  the  Class  are  Illinois  citizens  that  had  their  "biometric information" collected and stored by Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

313.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric

information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

314.    Symphony Park South did not comply with its established retention schedule and destruction guidelines.

315.    Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Park South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Park South to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Park South's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXXV – SYMPHONY PARK SOUTH, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

316.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

317.     Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Park South is a "private entity" pursuant to BIPA.

318.     Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

319.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored  . . ."  740 ILCS 14/15(b)(1) (emphasis added).

320.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

321.     Symphony Park South's collection and storage of the Plaintiffs' and Class Members' biometric data was done without first properly informing the Plaintiffs and Class Members in writing that a biometric identifier or biometric information was being collected or stored.

322.     Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Park South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Park South to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Park South's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXXVI – SYMPHONY PARK SOUTH, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

323.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

324.     Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Park South is therefore a "private entity" pursuant to BIPA.

325.     Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

326.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (2) informs the subject . . . in writing of the

specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2).

327. The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

328. Symphony Park South failed to properly first inform the Plaintiffs or the Class Members in writing of the specific purpose and length of terms for which their biometric data was to be collected, stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

329. Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Park South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Park Southto comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Park South's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXXVII – SYMPHONY PARK SOUTH, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

330.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

331.    Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Park South is a "private entity" pursuant to BIPA.

332.    Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

333.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . ." 740 ILCS 14/15(b)(3).

334.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

335.    Symphony Park South's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

336.    Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff

and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Park South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Park Southto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Park South's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XXXVIII – SYMPHONY PARK SOUTH, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

337.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

338.    Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Park South is a "private entity" pursuant to BIPA.

339.    Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

340.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information . . ."  740 ILCS 14/15(d).

341.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

342.    On information and belief, Symphony Park South disclosed, redisclosed, or disseminated the biometric information of Plaintiffs and the Class Members to, through and/or among others, including but not limited to other SPAN nursing entities or persons associated with SPAN.

343.    Stating further, while not necessary to pleading these claims, Symphony Park South did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

344.    Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Park South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony

Park Southto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Park South's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XXXIX – SYMPHONY PARK SOUTH, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

345.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

346.    Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Park South is a "private entity" pursuant to BIPA.

347.    Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

348.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

349.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

350.     Symphony Park South's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

351.     Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Park South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Park South to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Park South's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT XL – SYMPHONY PARK SOUTH, LLC
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

352.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

353.    Symphony Park South is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Park South is a "private entity" pursuant to BIPA.

354.    Symphony Park South is a private entity that collects biometric information from SPAN's nursing facility workers.

355.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

356.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Park South or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

357.    Symphony Park South's collection and storage of the Plaintiffs' and Class Members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

358.    Symphony Park South's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq.,

appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony Park South's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Park South to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Symphony Park South's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT XLI – SYMPHONY SOUTH SHORE, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly Available Policy
### (On Behalf of Plaintiffs and the Class)

359.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

360.    Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony South Shore is a "private entity" pursuant to BIPA.

361.    Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

362.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

363.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony South Shore or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

364.    Symphony South Shore did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

365.    Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony South Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shore to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony South Shore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XLII – SYMPHONY SOUTH SHORE, LLC
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

366.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

367.    Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Symphony South Shore is a "private entity" pursuant to BIPA.

368.    Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

369.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony South Shore or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

370.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

371.    Symphony South Shore did not comply with its established retention schedule and destruction guidelines.

372.    Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff

and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony South Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shore to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony South Shore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XLIII – SYMPHONY SOUTH SHORE, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

373.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

374.    Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony South Shore is a "private entity" pursuant to BIPA.

375.    Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

376.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored  . . ."  740 ILCS 14/15(b)(1) (emphasis added).

377.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony South Shore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

378.    Symphony South Shore's collection and storage of the Plaintiffs' and Class Members' biometric data was done without first properly informing the Plaintiffs and Class Members in writing that a biometric identifier or biometric information was being collected or stored.

379.    Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony South Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shore to comply with the requirements of BIPA as to the collection, storage and use of

biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony South Shore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XLIV – SYMPHONY SOUTH SHORE, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

380.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

381.    Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony South Shore is therefore a "private entity" pursuant to BIPA.

382.    Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

383.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2).

384.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony South Shore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

385.     Symphony South Shore failed to properly first inform the Plaintiffs or the Class Members in writing of the specific purpose and length of terms for which their biometric data was to be collected, stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

386.     Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony South Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shoreto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony South Shore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT XLV – SYMPHONY SOUTH SHORE, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

387.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

388.     Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony South Shore is a "private entity" pursuant to BIPA.

389.     Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

390.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . ." 740 ILCS 14/15(b)(3).

391.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored Symphony South Shore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

392.     Symphony South Shore's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

393.     Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony South

Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shoreto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony South Shore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT XLVI – SYMPHONY SOUTH SHORE, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

394.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

395.     Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony South Shore is a "private entity" pursuant to BIPA.

396.     Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

397.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information . . ." 740 ILCS 14/15(d).

398.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony South Shore or its agents through, inter alia,

copying/recording of their respective fingerprints and possibly other individual biometric data points.

399.    On information and belief, Symphony South Shore disclosed, redisclosed, or disseminated the biometric information of Plaintiffs and the Class Members to, through and/or among others, including but not limited to other SPAN nursing entities or persons associated with SPAN.

400.    Stating further, while not necessary to pleading these claims, Symphony South Shore did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

401.    Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony South Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shoreto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony South Shore's violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT XLVII – SYMPHONY SOUTH SHORE, LLC
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

402.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

403.    Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony South Shore is a "private entity" pursuant to BIPA.

404.    Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

405.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

406.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony South Shore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

407.    Symphony South Shore's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

408.    Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff

and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony South Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shore to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony South Shore's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate by the Court.

### COUNT XLVIII – SYMPHONY SOUTH SHORE, LLC
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

409.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

410.    Symphony South Shore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony South Shore is a "private entity" pursuant to BIPA.

411.    Symphony South Shore is a private entity that collects biometric information from SPAN's nursing facility workers.

412.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

413.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony South Shore or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

414.    Symphony South Shore's collection and storage of the Plaintiffs' and Class Members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

415.    Symphony South Shore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that Symphony South Shore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony South Shore to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Symphony South Shore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT XLIX – SYMPHONY SYCAMORE, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly Available Policy**
**(On Behalf of Plaintiffs and the Class)**

416.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

417.    Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Sycamore is a "private entity" pursuant to BIPA.

418.    Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

419.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

420.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Sycamore or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

421.    Symphony Sycamore did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

422.    Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2) a declaration that Symphony Sycamore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamore to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Sycamore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

### COUNT L – SYMPHONY SYCAMORE, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

423.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

424.     Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental  agency. Symphony Sycamore is a "private entity" pursuant to BIPA.

425.     Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

426.     The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Sycamore or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

427.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

428.     Symphony Sycamore did not comply with its established retention schedule and destruction guidelines.

429.     Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2)  a declaration that Symphony Sycamore's

actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamore to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Sycamore's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate by the Court.

### COUNT LI – SYMPHONY SYCAMORE, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

430. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

431. Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Sycamore is a "private entity" pursuant to BIPA.

432. Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

433. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored  . . ."  740 ILCS 14/15(b)(1) (emphasis added).

434.   The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Sycamore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

435.   Symphony Sycamore's collection and storage of the Plaintiffs' and Class Members' biometric data was done without first properly informing the Plaintiffs and Class Members in writing that a biometric identifier or biometric information was being collected or stored.

436.   Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Sycamore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamore to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Sycamore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT LII – SYMPHONY SYCAMORE, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

437.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

438.    Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Sycamore is therefore a "private entity" pursuant to BIPA.

439.    Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

440.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2).

441.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Sycamore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

442.    Symphony Sycamore failed to properly first inform the Plaintiffs or the Class Members in writing of the specific purpose and length of terms for which their biometric data was to be collected, stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

443.    Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff

and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Sycamore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamoreto comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Sycamore's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate by the Court.

### COUNT LIII – SYMPHONY SYCAMORE, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

444.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

445.   Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Sycamore is a "private entity" pursuant to BIPA.

446.   Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

447.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . ." 740 ILCS 14/15(b)(3).

448.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored Symphony Sycamore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

449.    Symphony Sycamore's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

450.    Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Sycamore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamoreto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per

violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Sycamore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

## COUNT LIV – SYMPHONY SYCAMORE, LLC
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

451.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

452.    Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Sycamore is a "private entity" pursuant to BIPA.

453.    Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

454.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or otherwise disseminate a person's or customer's biometric identifier or biometric information . . ." 740 ILCS 14/15(d).

455.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Sycamore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

456.    On information and belief, Symphony Sycamore disclosed, redisclosed, or disseminated the biometric information of Plaintiffs and the Class Members to, through and/or among others, including but not limited to other SPAN nursing entities or persons associated with SPAN.

457.     Stating further, while not necessary to pleading these claims, Symphony Sycamore did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

458.     Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2) a declaration that Symphony Sycamore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamoreto comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Sycamore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT LV – SYMPHONY SYCAMORE, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

459.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

460.    Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Sycamore is a "private entity" pursuant to BIPA.

461.    Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

462.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

463.    The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Sycamore or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

464.    Symphony Sycamore's collection and storage of the Plaintiffs' and Class Members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

465.    Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each Plaintiff and Class Member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Sycamore's

actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamore to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Symphony Sycamore's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate by the Court.

**COUNT LVI – SYMPHONY SYCAMORE, LLC**
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

466. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

467. Symphony Sycamore is a limited liability company organized under the laws of the State of Illinois which is not a State or local governmental agency. Symphony Sycamore is a "private entity" pursuant to BIPA.

468. Symphony Sycamore is a private entity that collects biometric information from SPAN's nursing facility workers.

469. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

470. The Plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by Symphony Sycamore or its agents through, inter alia,

copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

471.    Symphony Sycamore's collection and storage of the Plaintiffs' and Class Members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

472.    Symphony Sycamore's collection, storage and use of the Plaintiffs' and Class Members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each Plaintiff and Class Member to control this information.

WHEREFORE, individually, and on behalf of the proposed Class Members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel; (2) a declaration that Symphony Sycamore's actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the class by requiring Symphony Sycamore to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the Court finds that Symphony Sycamore's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate by the Court.

**COUNT LVII– DOE DEFENDANTS**
**Violation of 740 ILCS 14/1 et seq.**

**(On Behalf of Plaintiffs and the Class)**

473.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

474.  Plaintiffs are unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Does 1 through 100 inclusively and therefore Plaintiffs sue them by these fictitious names.  Plaintiffs name only the Doe defendants 1 through 100 who are citizens of Illinois, and specifically refrain from and do not include any non-Illinois citizen whether individual, corporate, associate or otherwise.   Doe defendants 1 through 100 are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiffs will amend this Complaint to show the true names and capacities of these fictitiously named defendants.

475.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

476.  The Plaintiffs and the class are Illinois citizens that had their "biometric information" collected and stored by the Doe Defendants or their agents or employers through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

477.    The Doe Defendants' receipt, collection, storage, and/or trading of the Plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

478.    Also, the Doe Defendants failed to properly inform the Plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

479.    Similarly, the Doe Defendants failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the Plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

480.    The Doe Defendants' collection, storage, trading, and/or use of the Plaintiffs' and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, et seq., appointing the undersigned counsel as class counsel;  (2)  a declaration that the Doe Defendants' actions, as pled herein, violate BIPA, 740 ILCS 14/1 et seq.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring the Doe Defendants to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that the Doe Defendants' violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

Dated: January 4, 2021

Respectfully Submitted,

**THE DRISCOLL FIRM, LLC**

By:      _/s/ John J. Driscoll_____
John J. Driscoll, #6276464
1311 Avenida Juan Ponce de Leon, 6th Floor
San Juan, PR 00907
Phone: (314) 222-2605
Fax: (314) 932-3233
john@jjlegal.com

**THE DRISCOLL FIRM, P.C.**
Paul W. Johnson, #6193774
211 N. Broadway, Suite 4050
St. Louis, Missouri 63012
Phone: (314) 932-3232
Fax: (314) 932-3233
paul@thedriscollfirm.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 4, 2020, the foregoing document was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all counsel of record.


_/s/ John J. Driscoll_____