## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAROYA ROBERSON,** *et al.*,<br>**Individually, and on Behalf of**<br>**All Others Similarly Situated,**<br><br>     **Plaintiffs,**<br><br>**v.**<br><br>**MAESTRO CONSULTING SERVICES**<br>**LLC, Individually and d/b/a Symphony**<br>**Post Acute Network,** *et al.*,<br><br>     **Defendants.** | **Case No. 20-CV-00895-NJR** |

## ORDER STAYING CASE

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Stay filed by Defendants (Doc. 65). As discussed in *Roberson v. Maestro Consulting Servs. LLC*, 2020 WL 7342693 (S.D. Ill. Dec. 14, 2020), Plaintiffs allege Defendants violated the Illinois Biometric Information Privacy Act (BIPA), 740 Ill. Comp. Stat. § 14/1 *et seq*. Following the Court's order, Plaintiffs filed a Second Amended Complaint (Doc. 54). Defendants then filed a Motion to Dismiss (Doc. 56) arguing, among other things, that Plaintiffs' BIPA claims are barred under the statute of limitations (Doc. 57).

Defendants contend that staying the case is appropriate because "several pending appeals will further impact the case" (Doc. 65, p. 2). In response, Plaintiffs argue that this is "just the most recent example of dilatory litigation tactics on [Defendants'] part" (Doc. 69, p. 2). Plaintiffs continue noting that "Plaintiffs should be allowed to engage in written

and deposition discovery regarding the merits of this lawsuit and the role which the Symphony Post-Acute Network's management company, Maestro Consulting Services, LLC, played in capturing and collecting Plaintiffs' biometric information" (*Id*. at p. 3). For the reasons explained below, Defendants' Motion to Stay is granted in part and denied in part, and Defendants' Motion to Dismiss is denied.

## LEGAL STANDARDS

District courts have the power to control their own dockets, including the discretion to stay proceedings. *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). To determine whether a stay is necessary, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party." *Berkeley*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019) (citations omitted).

## ANALYSIS

Defendants first seek to stay this case pending the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC,* because the Court will decide whether "Plaintiffs' claim for statutory damages are barred by the Exclusivity Provisions of the Illinois Workers' Compensation Act" (Doc. 65, p. 2). "Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue

differently." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) (citing *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997)). Not only has the Appellate Court for the First District of Illinois already ruled on this issue, but also district courts have noted "that it is unlikely that the Illinois Supreme Court would rule that IWCA preempts BIPA." *Donets v. Vivid Seats, LLC*, 20-cv-3551, R. 27 (N.D. Ill. Dec. 12, 2020) (Valderrama, J.) (citing *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020)). In fact, "many state courts, and at least one federal district court, have refused to stay BIPA litigation pending resolution of an appeal of the IWCA preemption issue." *Id.* (citing *Mintun*, 2020 WL 1700328, at *2). Thus, Defendants' Motion to Stay the proceedings pending the decision in *McDonald* is denied.

Defendants also seek to stay this case pending two Illinois Appellate Courts' decisions—*Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184—because these courts could decide whether BIPA claims are potentially subject to a one-, two-, or five-year statute of limitations. The Court agrees that these decisions could control the statute of limitations issue and guide the parties' positions in this litigation. *See Varnado v. W. Liberty Foods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021) (staying the BIPA action "until the limitations issue is resolved by the Illinois Appellate Court [because] [it] would significantly advance judicial economy because [plaintiff] failed to file his BIPA claims within the one-year limitations period"); *Donets*, 20-cv-3551, R. 27 (granting defendant's motion to stay because "[t]he *Tims* and *Marion* decisions could control the Court's resolution of the timeliness issue and guide the

parties' positions as they proceed with this litigation"). Accordingly, Defendants' Motion to Stay the proceedings pending the decisions in *Tims* and *Marion* is granted.[1]

The Court will also stay this case pending the Seventh Circuit's decision on an interlocutory appeal in *In Re: White Castle System, Inc.*, No. 20-8029 (*Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604 (N.D. Ill.)). Specifically, the Seventh Circuit will decide when BIPA claims accrue. In other words, the Seventh Circuit will determine whether a private entity only violates BIPA when it first collects an individual's biometric information, or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of 740 ILCS 15(b) or 15(d). *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020). This issue is crucial because Defendants argue that Plaintiffs' claims are time-barred as Plaintiffs' claims accrued when they were hired by Symphony (Doc. 57). Further, the Seventh Circuit's decision could guide the parties' positions in this litigation as a "hold[ing] that a violation occurs only when the entity first collects or first discloses an individual's biometric data, [ ] may dispose of [plaintiffs'] claim if the Illinois Appellate Court were to hold that a one-year statute of limitation applies." *Donets*, 20-cv-3551, R. 27.[2]

---

[1] At least two district courts have acknowledged that the statute of limitations for BIPA claims has not been "definitively resolved." *Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723, 729 (N.D. Ill. 2020) (accepting "for present purposes, [entity's] position that the statute of limitations for BIPA claims has not been definitively resolved and that such claims are potentially subject to a 'one-, two-, or five-year statute of limitations'"); *see also Stauffer v. Innovative Heights Fairview Heights, LLC*, 2020 WL 4815960, at *11 (S.D. Ill. Aug. 19, 2020) (noting "BIPA precedent is developing, and while many of the cases [p]laintiff cites to are state-court decisions and non-binding on this Court's decision, they are instructive for how state courts interpret this state law, particularly since the Court must apply 'the law of Illinois as [it] believe[s] the Illinois Supreme Court would apply it'") (citations omitted).

[2] Defendants concede, however, that one of the Plaintiffs' BIPA claims would survive under the one-year statute of limitations (Doc. 57, p. 27).

CONCLUSION

Having considered Plaintiffs' opposition, the Motion to Stay (Doc. 65) is **GRANTED in part and DENIED in part**. All proceedings and deadlines in this case are stayed pending resolution of *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, *Marion v. Ring Container Techs., LLC*, No. 3-20-0184, and *In Re: White Castle System, Inc.*, No. 20-8029. The parties are **ORDERED** to file a status report within 14 days of each ruling. Defendants' Motion to Dismiss (Doc. 56) is denied without prejudice with leave to refile once the stay is lifted.

**IT IS SO ORDERED.**

DATED:   March 17, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**