**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

SAROYA ROBERSON, *et al.*, individually )
and on behalf of all others similarly situated, )
)
      Plaintiffs, )
)   Case No. 3:20-cv-895
  v. )
)
MAESTRO CONSULTING SERVICES, )
LLC, individually and d/b/a SYMPHONY )
POST ACUTE NETWORK, *et al.* )
)
      Defendants. )

**PLAINTIFFS' MOTION FOR SETTLEMENT**
**CONFERENCE UNDER SDIL-LR 16.3(b)**

     Plaintiffs Saroya Roberson, Olabisi Bodunde, and Nicholle Headley, on behalf of

themselves and all others similarly situated ("Plaintiffs"), move this Court under SDIL-LR 16.3(b)

for an order setting a Settlement Conference between the parties and Defendants' insurance

company. In support of their motion, Plaintiffs state as follows:

**Summary**

     1.     This is a putative class action alleging systemic violations of the Illinois Biometric

Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Defendant Maestro Consulting Services

LLC ("Maestro") is a management company for a group of Illinois-based post-acute nursing

facilities known as the "Symphony Post Acute Network," or "SPAN"; the other Defendants are

facilities that operated within SPAN. *See* ECF No. 54 ¶¶ 1–3, 11–13, 21–43.

     2.     Defendants collectively are going out of business and have no assets to satisfy

Plaintiffs' claims except for an eroding insurance policy. There is another case pending in Illinois

state court which makes claims subject to the same policy. Though this situation is appropriate for

interpleader, Defendants' insurance company has not filed one, and Defendants have not moved

forward following Plaintiffs' agreement to mediate. Plaintiffs therefore request that the Court order a Settlement Conference to facilitate the resolution of this case.

**Background**

3.      Plaintiffs learned through discovery that Maestro is the named insured of Policy No. 8243-5012 (the "Policy") issued by Federal Insurance Company ("Federal"). The Policy provides coverage for the claims at issue in this case. The Policy is "eroding," meaning that its coverage has been (and continues to be) diminished by the costs of defense.

4.      By letter dated July 13, 2023, Plaintiffs informed Federal that the liquidated damages available for Plaintiffs' claims under BIPA far exceed the Policy's maximum limit of $8 million (let alone the coverage remaining after years of erosion as this case has been litigated). Plaintiffs therefore demanded all remaining coverage in settlement of their claims.

5.      On July 19, Federal responded to Plaintiffs' limits demand, stating in part that:

> Another BIPA lawsuit against the insured, styled McDonald v. Symphony Bronzeville Park LLC, Symcare Healthcare LLC, and Symcare HMG LLC, is pending in the Circuit Court of Cook County, Illinois, bearing Case No. 2017-CH-11311 ("McDonald lawsuit"). The McDonald lawsuit has also been tendered to Federal under the Policy.

> Please be advised that Federal is willing to participate in efforts to resolve both of these matters under the Policy. Towards that end, Federal proposes that the plaintiffs in both the Roberson and the McDonald lawsuits agree to engage in a global mediation of these matters. Please advise me no later than July 26, 2023 if the Roberson and the McDonald plaintiffs will agree to participate in a global mediation.

6.      On July 25, Plaintiffs responded in writing to Federal and indicated their willingness to participate in mediation. Plaintiffs further suggested that mediation could be most effective if Federal disclosed the amount of coverage remaining on the Policy, which Defendants previously had declined to do. No reply to Plaintiffs' response was immediately forthcoming.

7.     On July 31, the Court and the parties conducted a Scheduling Conference. ECF No. 135. Defendants advised the Court that Maestro "is in the process of winding down" and the facility Defendants have been or would be "divested or closed." ECF No. 136-1 at 1. The Court inquired as to how that may affect the resolution of this case. Defendants advised that the Policy was the only asset available to satisfy any judgment or settlement. Defendants further advised they now would be willing to disclose to Plaintiffs the amount of coverage remaining. By email sent later that day, Federal advised that "approximately $3 million" remained.

8.     Since July 31, Plaintiffs have heard nothing further from Defendants or Federal regarding mediation or other means of resolving this case. Plaintiffs' demand for the Policy's limits expires by its terms at the close of business on August 14, 2023.

**Interpleader Is Appropriate Here But Federal Has Not Filed One**

9.     The circumstances here are ripe for interpleader under Rule 22: Plaintiffs here and in the Illinois state court action "may expose [Maestro or Federal] to double or multiple liability." Moreover, this Court could take jurisdiction over an interpleader action because the stakeholder (Federal, an Indiana corporation with its principal office in Indiana) is diverse from the claimants (the named Plaintiffs in this action and the state court action, Illinois citizens). *See Gen. Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1086 (D. Conn. 1984) (Rule 22 interpleader "require[s] that the plaintiff/stakeholder be diverse from all defendants/claimants, though the claimants need not be citizens of different states"). But Federal has not filed such an action even as the coverage available under the Policy continues to diminish.

**The Court Should Order a Settlement Conference**

10.     This Court has authority under 28 U.S.C. § 651 *et seq.* and SDIL-LR 16.3(b) to set a Settlement Conference at any time during the litigation. Given the circumstances just

described—Defendants' very limited financial resources that will further be depleted by continued litigation—a Settlement Conference would aid the parties (and Federal) in resolving this dispute and would serve the interests of the thousands of putative class members.

11.     As authorized under SDIL-LR 16.3(b)(2), lead counsel for each party and a representative of Federal with authority to bind Federal should be required to be present at the Conference in person.

12.     As authorized under 28 U.S.C. § 653(b) and SDIL-LR 16.3(b)(3), the Court should appoint a Magistrate Judge of this District as the presiding judicial officer for the Conference to ensure good faith participation among those involved.

13.     To Plaintiffs' knowledge, and as reflected by the caption of the Scheduling Order, ECF No. 136-1, this matter has not previously been referred to the Court's Mandatory Mediation Program and therefore is eligible for the relief requested. SDIL-LR 16.3(b)(1).

**Conclusion**

WHEREFORE, Plaintiffs respectfully move that this Court enter an Order: granting their Motion for Settlement Conference; appointing a Magistrate Judge of the Southern District of Illinois as the presiding judicial officer for the Conference; issuing an appropriate Notice of Settlement Conference under SDIL-LR 16.3(b)(3) in its discretion; and for such other and further relief as this Court deems to be equitable and just under these circumstances.

Dated: August 9, 2023

Respectfully Submitted,

**THE DRISCOLL FIRM, P.C.**

By: _____/s/ Matthew J. Limoli_____
Matthew J. Limoli, #6328051
301 Fayetteville Street, Ste. 1825
Raleigh, NC 27601
Phone: (919) 404-9510
matthew@thedriscollfirm.com

Paul W. Johnson, #6193774
211 N. Broadway, Suite 4050
St. Louis, MO 63102
Phone: (314) 932-3232
Fax: (314) 932-3233
paul@thedriscollfirm.com

**THE DRISCOLL FIRM, LLC**
John J. Driscoll, #6276464
1311 Avenida Juan Ponce de Leon, 6th Floor
San Juan, Puerto Rico 00907
Phone: (314) 222-2605
Fax: (314) 932-3233
john@jjlegal.com

**CHATHAM & BARICEVIC**
John Baricevic, #3121537
107 W. Main Street
Belleville, Illinois 62220
Phone: (618) 233-2200
john@chathamlaw.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2023, the foregoing document was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all counsel of record.

_____/s/ Matthew J. Limoli_____