## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAROYA ROBERSON, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAESTRO CONSULTING SERVICES, LLC, Individually and d/b/a SYMPHONY POST ACUTE NETWORK, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Case No. 3:20-cv-895<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT</u>

This Class Action Settlement and Release Agreement ("Settlement Agreement") is entered into by and between Plaintiffs and Class Representatives, Saroya Roberson, Olabisi Bodunde, and Nicholle Headley, individually and on behalf of the Settlement Class, as defined, *infra*, and Defendants Maestro Consulting Services LLC, Symphony Sycamore LLC, Symphony Beverly LLC, Symphony Bronzeville Park LLC, Symphony of Evanston Healthcare LLC, Symphony Park South LLC, and Symphony South Shore LLC, in the case of *Roberson, et al. v. Maestro Consulting Services, LLC, et al.,* Case No. 3:20-cv-895 pending in the United States District Court for the Southern District of Illinois ("the Litigation"). Plaintiffs and Defendants are each referred to as a "Party" and are collectively referred to herein as the "Parties."

As more fully set forth in this Settlement Agreement, through the Litigation, Plaintiffs, individually and on behalf of similarly situated persons, seek relief for Defendants' alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"). In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the

Releasing Parties release the Released Parties of the Released Claims, without costs as to the Released Parties, Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

### INTRODUCTORY PROVISIONS

1.  **Introduction.** On December 8, 2017, Plaintiff Saroya Roberson filed the Litigation, on behalf of herself and similarly situated employees of Defendants ("the Released Parties"), alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"). Defendants, and each of them, deny all charges of wrongdoing or liability of any kind whatsoever that Plaintiffs or Settlement Class Members have asserted in this Litigation or may in the future assert. Despite Defendants' belief that they are not liable for, and have defenses to, the claims alleged in the Litigation, Defendants desire to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and finally put to rest in this Settlement Agreement. The Parties wish to settle all claims asserted in the Litigation.

2.  **Attorneys.** The Parties are represented as follows:

    -   The Driscoll Firm, LLC; The Driscoll Firm, P.C.; and Chatham & Baricevic are counsel of record for Plaintiffs ("Class Counsel").

    -   Seyfarth Shaw LLP is counsel of record for Defendants ("Defendants' Counsel").

3.  **Negotiations.** On February 22, 2024, the Parties held a mediation with mediator the Honorable Wayne Andersen (Ret.). Following arm's-length negotiations and follow-up communications in the following days and weeks thereafter, the Parties negotiated a settlement by which the Parties agree and hereby wish to resolve all matters pertaining to, arising from, or associated with the Litigation. Plaintiffs and Class Counsel have conducted an investigation into

the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class recognizing: (1) the existence of complex and contested issues of law and fact that bear upon the Litigation; (2) the risks inherent in all litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceedings are not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members. Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

4. **Adequacy of Consideration.** Each Party acknowledges that the settlement payments and release of claims, as described in this Settlement Agreement, are a fair and reasonable resolution of a *bona fide* dispute over Plaintiffs' claims and constitute good, valid, and sufficient consideration for the promises contained in the Settlement Agreement. Plaintiffs acknowledge and agree that the settlement payments are consideration to which they and the Settlement Class members covered by this Settlement Agreement would not otherwise be entitled to receive without the promises being made in this Settlement Agreement.

5. **Non-Admission of Liability.** Neither this Settlement Agreement, nor any negotiation or act performed, or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

**DEFINITIONS**

6.    **Definitions.** The following definitions shall apply to terms used in this Settlement Agreement.

a.    "Administrative Expenses" means expenses associated with the Settlement Administrator (as defined below), including but not limited to, costs in connection with Notice (as defined below), including, but not limited to, all printing, mailing, and other expenses incurred in providing the Notice, all costs related to the preparation and mailing of settlement payments, all fees and charges of the Settlement Administrator, all costs incurred in communicating with Settlement Class Members, and implementing the administration of the Settlement Agreement. The Parties agree to pay the Administrative Costs associated with notice and administration of this Settlement Agreement as set forth in this Settlement Agreement.

b.    "Class," "Settlement Class," "Class Members," or "Settlement Class Members" means each member of the settlement class, as defined in Paragraph 6(n) of this Settlement Agreement, who does not timely elect to be excluded from the Settlement Class, and include, but are not limited to, Plaintiffs.

c.    "Class Settlement Payments" means the payments made to Settlement Class Members pursuant to the terms of this Settlement Agreement.

d.    "Effective Date" means the date on which the Settlement Agreement shall become effective, and shall be defined as the last date when all of the following events have occurred: (i) this Settlement Agreement has been executed by the Parties; (ii) the Court has entered a Preliminary Approval Order; (iii) Notice has been given to the Settlement Class Members; (iv) the Court has held a Final Approval Hearing and entered a Final Approval Order; and (v) the latest of the following events:

- When the period for filing any appeal, writ or other appellate proceeding opposing the Settlement Agreement has elapsed without any appeal, writ or other appellate proceeding having been filed.

- Any appeal, writ or other appellate proceeding opposing the Settlement Agreement has been dismissed finally and conclusively with no right to pursue further remedies or relief.

- Any appeal, writ or other appellate proceeding has upheld in all respects the Court's Final Approval Order approving the Settlement Agreement with no right to pursue further remedies or relief. It is the intention of the Parties that the Settlement Agreement shall not become effective until the Court's Order approving the Settlement Agreement is completely final, and there is no further recourse by any person who seeks to contest the Settlement Agreement.

e.       "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

f.       "Final Approval Hearing" means the hearing contemplated by the Parties at which the Court will grant final approval of the Settlement Agreement and make such other final rulings as are contemplated by the Settlement Agreement.

g.       "Final Approval Order" means the Court's Order granting final and unconditional approval of this Settlement Agreement on the terms set forth in this Settlement Agreement, or as those terms may be modified by subsequent mutual agreement of the Parties. The Final Approval Order shall include a dismissal of the Litigation with prejudice and extinguish all Released Claims of all Class Members who do not timely opt out from this Settlement Agreement as set forth herein.

h.       "Gross Settlement Amount" is the amount of Two Million Eight Hundred Thousand Dollars and Zero Cents ($2,800,000.00) that Defendants agree to pay to fully resolve the Litigation. This is the maximum amount Defendants shall pay under this Settlement Agreement.

i.       "Notice" or "Settlement Notice" means the direct notice of this Settlement, which is to be provided by the Settlement Administrator substantially in the manner set forth in this Settlement Agreement and in Exhibit A.

j.       "Preliminary Approval Order" means the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

k.       "Releasing Parties" means Plaintiffs, each Class Member who does not timely opt out of this Settlement Agreement, and their respective predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

l.       "Released Claims" means all claims, liabilities, demands, debts, costs, expenses, causes of action, lawsuits, and damages of whatever kind or nature of the Plaintiffs and Settlement Class Members, whether known or unknown, filed or unfiled, asserted or unasserted, existing or contingent, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, which relate to the claims in the Litigation or could have been brought in the Litigation or any other actions filed (or to be filed) by Plaintiffs and Settlement Class Members against Released Parties whatsoever arising out of, or related in any way to or connected with (1) the alleged possession, collection, capture, purchase, transmission, conversion, receipt through trade, obtaining, sale, lease, trade, profit from, disclosure, redisclosure, dissemination, storage, transmittal, protection from disclosure or other use of alleged biometric information or biometric identifiers in connection with the Settlement Class Members' finger-scanning technology on any and all biometric timeclocks used by Defendants or the Released Parties, including, but not limited

6

to, claims arising out of the Illinois Biometric Information Privacy Act, 740 ILCS 14/10, *et seq*., ("BIPA") or any other federal, state, or local statute, regulation, or common law; (2) any claims arising under BIPA related to Defendants or the Released Parties; and (3) any claims which were or could have been brought in the Litigation or that could have been brought against any of the Released Parties based on the allegations in the Litigation or similar allegations, including, but not limited to, any tort or privacy claims. "Released Claims" includes, without limitation, statutory, constitutional, contractual, and common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief to the extent permitted by applicable law.

   m.  "Released Parties" means Defendants and each of the following:

- *Maestro Consulting Services LLC*
- *Symphony Sycamore LLC*
- *Symphony Beverly, LLC*
- *Symphony Bronzeville Park, LLC*
- *Symphony of Evanston Healthcare, LLC*
- *Symphony Park South, LLC*
- *Symphony South Shore, LLC*
- *Symcare Healthcare, LLC*
- *Symphony HMG LLC*
- *Symcare HMG LLC*
- *Symphony Crestwood LLC*
- *Symphony Deerbrook LLC*
- *Renaissance at Hillside, Inc.*
- *Claridge Imperial Ltd.*
- *Symphony Maple Ridge LLC*
- *Symphony Dialysis LLC*
- *Symphony Aspen Ridge, LLC*
- *Renaissance at 87th Street, Inc.*
- *Aria Post Acute Care Center, LLC*
- *Renaissance at Midway, Inc.*
- *Renaissance at South Shore, Inc.*
- *Renaissance at Halsted, LLC*
- *Chevy Chase Corp.*
- *Jackson Corp.*

- *Claremont Extended Healthcare, LLC*
- *Claridge Ivy, Ltd.*
- *Concerto Dialysis LLC*
- *Church Street Station Nursing and Living Center, LLC*
- *California Gardens Corp.*
- *Symphony of California Gardens LLC*
- *Monroe Corp.*
- *Symphony McKinley LLC*
- *Symphony Oswego LLC*
- *Symphony Lincoln Park LLC*
- *Symphony Midway LLC*
- *Symphony Jackson Square LLC*
- *Symphony Hanover Park LLC*
- *Symphony Buffalo Grove LLC*
- *Symphony Northwoods LLC*
- *Symphony Maple Crest LLC*
- *Symphony Countryside LLC*

and each of their respective predecessors, attorneys, representatives, current and former employees, agents, accountants, officers, directors, members, limited liability companies, owners, principals, managers, managing members, managing agents, or insurers (and anyone whom any of them may have an obligation to indemnify regarding the subject matter of the Litigation), coinsurers, and reinsurers. For purposes of clarity, the following entities are expressly not Released Parties: Aliya of Wrightwood LLC, Ryze on the Avenue LLC, Crestwood Rehabilitation Center, LLC, Pearl of Joliet LLC, and each of their respective successors, assigns, officers, directors, members, limited liability companies, owners, principals, managers, managing members, and managing agents (the "Non-Released Parties"). To the extent any person or entity falls within both the definition of Released Parties and Non-Released Parties, that person or entity shall be a Non-Released Party.

     n.    "Settlement Class" is defined as follows for purposes of certification under Federal Rule of Civil Procedure ("Rule") 23, and for settlement purposes only:

"*All persons who were non-union persons at the time they used a finger or hand scan timekeeping device at one of the following Symphony Facilities located in Illinois from August 17, 2012 to present but did not execute a release and receive notice pursuant to the Illinois Biometric Information Privacy Act on or before their first date of use, including at the following locations:*

- *Maestro Consulting Services*
- *Symphony Sycamore a/k/a Symphony Sycamore Village*
- *Symphony Beverly a/k/a Symphony at 87th Street a/k/a Renaissance at 87th Street*
- *Symphony of Bronzeville Park a/k/a Bronzeville Park Skilled Nursing and Living Center*
- *Symphony Crestwood a/k/a Crestwood Care Centre*
- *Symphony Deerbrook a/k/a Deerbrook Care Centre*
- *Symphony of Evanston Healthcare a/k/a Symphony Evanston*
- *Symphony Park South a/k/a Symphony of Morgan Park a/k/a Renaissance at Halstead a/k/a Renaissance Park South*
- *Symphony South Shore a/k/a Symphony of South Shore a/k/a Renaissance at South Shore*
- *Symphony Midway a/k/a Renaissance at Midway*
- *Symphony Encore*
- *Symphony Oswego a/k/a Symphony The Tillers*
- *Symphony Chicago West*
- *Symphony Lincoln Park a/k/a The Imperial Convalescent and Nursing Center a/k/a Claridge Imperial a/k/a The Imperial of Lincoln Park*
- *Symphony Hanover Park*
- *Symphony Buffalo Grove*
- *Symphony Northwoods*
- *Symphony Maple Crest*
- *Symphony Orchard Valley*
- *Symphony Palos Park*
- *California Gardens a/k/a California Gardens Nursing and Rehabilitation Center*
- *Monroe a/k/a Monroe Pavilion Health and Treatment Center*
- *Symphony Aspen Ridge a/k/a Aspen Ridge Care Centre a/k/a Symphony of Decatur*
- *Symphony Maple Ridge a/k/a Maple Ridge Care Centre and Maple Ridge Retirement Centre a/k/a Symphony of Lincoln*
- *Symphony McKinley*
- *Aria Post Acute Care Center a/k/a Aria Post Acute Care Center a/k/a Renaissance at Hillside*
- *Jackson Square Nursing and Rehabilitation Center*
- *Claremont Extended Healthcare a/k/a Claremont Rehabilitation and Living Center*
- *Claridge Ivy a/k/a The Ivy Apartments at the Imperial*
- *Church Street Station Nursing and Living Center a/k/a Claremont of Hanover Park.*"

All such persons are Settlement Class Members, and individually a Settlement Class Member.

Defendants currently estimate that there are approximately 12,141 Settlement Class Members. Excluded from the Settlement Class will be any person who executed a release and

received notice pursuant to BIPA on or before their first use of a finger or hand scan timekeeping device at one of the Symphony Facilities, any person who is a member of a collective bargaining agreement during their employment and at the time they used a finger or hand scan timekeeping device at any one of the Symphony Facilities, and any person who submits a valid exclusion to opt-out of the Settlement Class. A full list of eligible persons will be provided and incorporated into the Settlement Agreement.

o.      "Service Award" shall have the meaning ascribed to it as set forth in Paragraph 10(d) of this Settlement Agreement.

p.      "Settlement Administrator" means, subject to Court approval, the entity mutually selected and supervised by the Parties to administer the Settlement. The parties have agreed to and select Analytics Consulting LLC to administer the Settlement.

q.      "Qualified Settlement Fund" or "QSF" means the qualified settlement fund established by the Settlement Administrator into which the Gross Settlement Amount will be paid by Defendants. All payments from the Qualified Settlement Fund are subject to the terms and conditions set forth herein.

## **SETTLEMENT TERMS**

7.      **Parties and Settlement.** The Parties agree that the claims in the Litigation be settled and compromised as between Plaintiffs, the Settlement Class Members who do not exclude themselves from the Settlement Class, and Defendants and Released Parties, subject to the terms and conditions set forth in this Settlement Agreement and the approval of this Settlement Agreement by the Court.

8.      **Settlement Class Certification.** The Parties agree that, for purposes of this Settlement Agreement only, the Settlement Class as defined in Paragraph 6(n) of this Settlement Agreement should be certified under Federal Rule of Civil Procedure 23(b)(3). Defendants do not

consent to certification of the Class for any purpose other than to effectuate the Settlement Agreement. If the Court does not enter Final Approval of the Settlement Agreement, or if for any other reason final approval of the Settlement Agreement does not occur, is successfully objected to, or challenged on appeal, any certification of any Settlement Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Settlement Agreement had not been entered into. In the event that Final Approval of the Settlement Agreement is not achieved: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Settlement Agreement, that Defendants did not oppose the certification of a Class under this Settlement Agreement, or that the Court preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class. If for any reason the Settlement Agreement is not granted preliminary or final approval, Defendants' agreement to certification of the Settlement Class shall not be used for any purpose, including in any request for class certification in the Litigation or any other proceeding.

      9.    **Class Settlement Payments.** Class Settlement Payments shall be made as follows:

      a.    Defendants agree to pay, through the Settlement Administrator, the Gross Settlement Amount of $2,800,000.00 (two million eight hundred thousand dollars and zero cents), which will fully resolve this action on a class-wide basis. Defendants have represented, and the Parties agree, based on Defendants' records, that the Settlement Class consists of approximately 12,141 Settlement Class Members. Excluded from the Settlement Class will be any person who executed a release and received notice pursuant to BIPA on or before their first use of a finger or hand scan timekeeping device at one of

the Symphony Facilities listed in Paragraph 6(n), any person who is a member of a collective bargaining agreement during their employment and at the time they used a finger or hand scan timekeeping device at any one of the Symphony Facilities listed in Paragraph 6(n), and any person who submits a valid exclusion to opt-out of the Settlement Class. A full list of eligible persons will be provided and incorporated into the Settlement Agreement.

      b.    The Settlement Administrator shall establish a Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended in which the Gross Settlement Amount will be maintained by the Settlement Administrator as escrow agent.

      c.    Within thirty (30) days after the Court grants preliminary approval of the Settlement Agreement, Defendants shall deposit with the Settlement Administrator $250,000 that shall be used to cover costs related to settlement notice and administration costs (the "First Installment"). The First Installment is inclusive of the Gross Settlement Amount.

      d.    Defendants shall deposit the remaining amount of the Gross Settlement Amount ($2,550,000), which is the amount of the Gross Settlement Fund less the amount set forth in Paragraph 9(c), into the Settlement Administrator's QSF within ten (10) business days of the Effective Date.

      e.    Class Settlement Payments shall be disbursed to the Settlement Class from the QSF as follows: The Gross Settlement Fund less any Fee Award, Service Award, and Administrative Expenses approved by the Court is the Net Settlement Fund. The Net Settlement Fund shall be divided equally among the Settlement Class Members who do not exclude themselves from the Settlement Class. Settlement Class Members shall receive

their *pro rata* shares of the Settlement Fund automatically, by direct checks, without having to submit a claim form or otherwise "opt in" to the Settlement Class.

f.     The Gross Settlement Fund represents the total extent of Defendants' monetary obligations under the Settlement Agreement. Defendants' contributions to the Settlement Fund shall be fixed under this Settlement Agreement and final. Defendants shall have no obligation to make further payments to the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

g.     The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the terms and amount of the Settlement Fund.

10.     **Attorneys' Fees, Costs and Expenses, and Incentive Award.** In consideration for the work already performed in this matter and all work remaining to be performed in documenting this Settlement Agreement, securing Court approval of the Settlement Agreement, administering the Settlement Agreement, and ensuring the Settlement Agreement is correctly implemented, and in conjunction with the filing of a motion for final approval, Class Counsel will move the Court for a Fee Award, subject to Court approval.

a.     Notwithstanding any contrary provision of this Settlement Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Settlement Agreement or be deemed material thereto.

Defendants agree that they take no position on, and will not oppose, Class Counsel's request for attorneys' fees and costs up to 39% of the Gross Settlement Fund. In the event that the Court awards a Fee Award less than requested by Class Counsel, any unawarded funds will be added to the amount to be distributed to Settlement Class Members.

b.      Defendants, through the Settlement Administrator, will issue an IRS Form 1099 to Class Counsel reflecting the attorneys' fees payment as required by law. Class Counsel shall provide Defendants and the Settlement Administrator with a fully executed IRS Form W-9 from Class Counsel for this payment within three calendar days of the Final Approval Order being entered.

c.      Prior to or at the same time as Plaintiffs seek final approval of the Settlement Agreement, Class Counsel shall move the Court for Service Awards for the three named Plaintiffs in an amount not to exceed Ten Thousand Dollars ($10,000.00), and Defendants agree that they will not oppose such a request.

d.      The Service Awards are in addition to the Settlement Payment that Plaintiffs are entitled to receive as set forth in this Settlement Agreement. Plaintiffs are responsible for correctly characterizing the payment for tax purposes and for paying any taxes due on the amounts received. Neither Plaintiffs' Counsel nor Defendants' Counsel is providing any tax advice to Plaintiffs in connection with any payments to Plaintiffs under this Settlement Agreement.

e.      The Settlement Administrator shall remit the Service Awards to Plaintiffs, from the Qualified Settlement Fund, along with any applicable tax withholding documentation, within twenty-one (21) calendar days after the Effective Date. Class Counsel shall provide instructions as to the address for delivery of the Service Awards.

f.      The Settlement Administrator shall remit the Fee Award, from the Qualified Settlement Fund, along with any applicable tax withholding documentation, within twenty-one (21) business days after the Effective Date. The Fee Award shall be paid solely from the Gross Settlement Fund via electronic wire transfer to an account designated by Class Counsel.

g.      All Administrative Costs and other costs associated with this Settlement Agreement, including costs of notice and settlement administration, including without limitation all fees and costs of the Settlement Administrator, all costs associated with the notices to the Settlement Class and administration of this Settlement Agreement, and all costs associated with the manner in which administration of the Settlement Agreement is to be accomplished as set forth in this Settlement Agreement, shall be paid from the Qualified Settlement Fund.

h.      Decisions regarding notice and settlement administration, including selection of the Settlement Administrator, are to be made with the consent of Class Counsel and Defendants' Counsel. The Administrative Expenses of the Settlement Administrator for work done is not dependent on any outcome associated with this Settlement Agreement or the administration of this Settlement Agreement (other than misfeasance or malfeasance on the part of the Settlement Administrator) and will be paid regardless of any such outcome. The Administrative Expenses shall be paid from the Qualified Settlement Fund once it is funded in accordance with the terms of this Settlement Agreement. If the Court does not give final approval to the Settlement Agreement such that the Qualified Settlement Fund is not funded, Defendants shall pay the Settlement Administrator for Administrative Expenses actually incurred to date.

i.      The Parties agree to cooperate in the administration of the Settlement

Agreement and to make all reasonable efforts to control and minimize the costs and

expenses incurred in administration of the Settlement Agreement.

j.      In no event will Defendants' liability for attorneys' fees, expenses, and

costs, settlement administration costs, or Service Awards exceed their funding obligations

set out in this Settlement Agreement. Defendants shall have no financial responsibility for

this Settlement Agreement outside of the Qualified Settlement Fund. Defendants shall have

no further obligation for attorneys' fees or expenses to any counsel representing or working

on behalf of either one or more individual Settlement Class Members or the Settlement

Class. Defendants will have no responsibility, obligation, or liability for allocation of fees

and expenses among Class Counsel.

11.     Payment Structure. The Parties agree to a common fund settlement structure with

no reversionary component. Payment to the Settlement Class shall occur in two phases. For the

first phase, an initial pro-rata payment of the Net Settlement Fund shall be issued to each member

of the Settlement Class (the "First Payment"). The First Payment shall be issued within forty-five

(45) days following final approval of the settlement by the Court. Following expiration of the First

Payment (75 days after issuance), a second pro-rata payment in an amount equal to or less than the

First Payment shall be issued to each member of the Settlement Class who timely cashed the First

Payment (the "Second Payment"). Following expiration of the Second Payment (75 days after

issuance), any remaining amount of the Net Settlement Fund shall be distributed to a *cy pres* that

is agreed upon by the Parties within 90 days thereafter.

## **WAIVER AND RELEASE OF CLAIMS**

12.     In addition to the effect of any final judgment entered in accordance with this

Settlement Agreement, upon final approval of this Settlement Agreement, and for other valuable

consideration as described herein, the Released Parties shall be completely released, acquitted, and forever discharged from any and all Released Claims.

13.    As of the Effective Date, and with the approval of the Court, all Releasing Parties hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel all Released Claims against the Released Parties through the date of Preliminary Approval. As of the Effective Date, all Releasing Parties will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and all Released Claims.

14.    Each Releasing Party waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

## SETTLEMENT AGREEMENT APPROVAL, OPT-OUT, AND OBJECTIONS

15.    **Conditions Precedent**.  This Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement by the Parties to the Court for preliminary approval; (c) entry of the Preliminary Approval Order by the Court; (d) Court approval of the method of distribution and the form and content of the Settlement Notice; (e) dissemination of the Settlement Notice as set forth in this Settlement Agreement or as otherwise ordered by the Court; (f) the holding of a Final Approval Hearing and the Court's entry of the Final Approval Order; and (g) the Effective Date occurs. The Settlement Agreement will become final and effective only when the Effective Date occurs.

16.    **Preliminary Approval.** Within twenty-eight (28) calendar days after the last signature to this Settlement Agreement, Plaintiffs will file a Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion"). In the Preliminary Approval Motion, Plaintiff shall request that the Court: (a) grant preliminary approval to the Settlement Agreement; (b) approve

the Settlement Notice and the proposed plan of settlement administration described in this Settlement Agreement; and (c) schedule a tentative date for a Final Approval Hearing. Plaintiffs shall provide Defendants the draft motion for preliminary approval with sufficient time for Defendants to review before it is filed, which shall be no fewer than seven (7) days before filing.

17.     **Provision of Class Member Information.** Within twenty-one (21) calendar days of after the Court enters the Preliminary Approval Order, Defendants will directly provide the Settlement Administrator the last known names, and, if available, addresses, phone numbers, and Social Security numbers of Settlement Class Members.

18.     **Settlement Notice.**   Within fourteen (14) calendar days after receiving the information in the preceding Paragraph (the "Notice Date"), the Settlement Administrator shall send the Settlement Notice, as approved by the Court, to the Settlement Class Members by First Class U.S. Mail. Prior to mailing, the Settlement Administrator shall run the Class Members' addresses through the U.S. Postal Service's National Change of Address database and mail the Notice using the most current mailing address information. For any Class Member whose Notice is returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly conduct a firm level skip trace and re-send the Notice to the address (if any) determined by the skip trace.

19.     **Content of Notice.** The Notice shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement, and to further inform Settlement Class Members as to how they may (a) protect their rights regarding the settlement; (b) request exclusion from the Settlement Class and the proposed settlement, if desired; (c) object to any aspect of the proposed settlement, if desired; and (d) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect

of the Settlement Agreement on all persons who do not timely request exclusion from the Settlement Class.

20. **Opting-Out of Settlement Agreement.** Settlement Class Members who do not want to participate in the Settlement Agreement may opt out by sending a letter to the Settlement Administrator expressing their intent to be excluded from the Settlement Agreement pursuant to the instructions on the Notice. To be valid, the letter requesting exclusion must include: (1) the individual's name, and former name if any; (2) their Social Security number; (3) a statement that they agree not to participate in the Settlement Agreement; and (4) their signature, and must be mailed to the Settlement Administrator whose address is listed on the Settlement Notice, by the date specified in the Settlement Notice (45 days after the initial mailing of the Settlement Notice.) Within three (3) business days after receiving a request for exclusion, the Settlement Administrator must notify Class Counsel and Defendants' Counsel *via* e-mail of the name of the Class Member who submitted the request for exclusion. The Settlement Administrator shall retain the requests for exclusion and the envelopes showing the postmark of the request for exclusion and permit inspection and copying of same by Class Counsel or Defendants' Counsel at their request. Requests for exclusion shall be disregarded if they are not post-marked on or before the applicable deadline. Settlement Class Members who do not submit a timely and valid request for exclusion in the manner described in this Settlement Agreement shall be deemed bound by this Settlement Agreement.

21. **Limitation of Liability.** No person shall have any claim against Defendants, Defendants' Counsel, the Plaintiffs, Plaintiffs' Counsel, Class Counsel, or the Settlement Administrator based on any claim that a request for exclusion was not received in a timely manner.

22. **Exclusion Neutrality.** At no time shall any of the Parties, Settlement Class Members, or their counsel: (a) discourage any Settlement Class Member from participating in the

Settlement Agreement; or (b) encourage any Settlement Class Member to object to the Settlement Agreement or request exclusion from the Settlement Agreement.

23.     **Objections.**  Settlement Class Members may object to the Settlement Agreement. To object to the Settlement Agreement or any terms of it, the person making the objection must be a Settlement Class Member, must not have opted out of the Settlement Agreement, and must send to the Settlement Administrator and file with the Court a written statement of the grounds of objection, signed by the Class Member or his or her attorney, by the date specified in the Settlement Notice (forty-five (45) calendar days after the initial mailing of the Settlement Notice). Any objection that does not meet these requirements shall not be considered by the Court, unless otherwise ordered by the Court. Settlement Class Members who fail to serve timely and proper written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. The Parties may file a response to any objections prior to the Final Approval Hearing. Any Settlement Class Member filing an objection who intends to appear at the Final Approval Hearing either in person or through counsel must state in the objection the intention to appear, the purpose of the appearance, and whether the Settlement Class Member is represented by counsel.

24.     **List of Opt-Outs.**  No later than seven (7) calendar days after the opt-out and objection deadline, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a declaration (the "Administrator's Declaration") that includes a complete list of all individuals who have timely requested exclusion from the Settlement Class ("Opt-outs") and all Settlement Class Members who have timely objected to the Settlement Agreement. The portion of the Qualified Settlement Fund that would have been allocated to Opt-outs shall be distributed to a *cy pres* recipient(s) selected by the Parties and approved by the Court.

25.     **Reports.**  The Settlement Administrator shall provide reports of Settlement Class Member responses to the Notice, including Opt-outs and objections; the number of returned Notices and re-mailed Notices; and other information requested by Defendants' Counsel or Class Counsel.

26.     **Declaration of Settlement Administrator.**  At least fourteen (14) calendar days prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel and Defendants' Counsel, for filing with the Court, a declaration by the Settlement Administrator indicating due diligence and proof of mailing with regard to the mailing of the Notice as set forth above and other information as reasonably requested by Class Counsel or Defendants' Counsel.

27.     **Final Approval Motion.**   At least seven (7) calendar days before the Final Approval Hearing, Plaintiffs shall file with the Court a Motion for Final Approval of the Settlement Agreement. Plaintiffs shall draft this Motion and provide Defendants with sufficient opportunity to review the Motion before it is filed, which shall be no fewer than five (5) days prior to its filing.

28.     **Final Approval Hearing.** At the Final Approval Hearing, the Parties will ask the Court to: certify the Settlement Class and approve the Settlement Agreement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions; enter a Fee Award to Class Counsel for attorneys' fees and costs; and approve the Service Awards to the three Named Plaintiffs.

29.     **Final Approval Order.** Counsel for the Parties shall jointly present the Court with a proposed Final Approval Order:

     a.     Certifying the Settlement Class and approving the Settlement Agreement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.    Approving the payment to Class Counsel for attorneys' fees and reimbursement of costs;

c.    Approving the Service Awards; and

d.    Dismissing the Litigation with prejudice.

1.    Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the forms attached as Exhibit A hereto.

2.    Individual notice (substantially in the form of Exhibit A) shall be sent via U.S. Mail where Defendants have a last-known mailing address or the address information can be determined by the Settlement Administrator.

30.    **Voidability.**  The Settlement Agreement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties). Accordingly, this Settlement Agreement shall be terminated and cancelled within ten (10) days of any of the following events:

a.    This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

b.    The Court refuses to grant Preliminary Approval of this Settlement Agreement;

c.    The Court refuses to grant final approval of this Settlement Agreement in any material respect;

d.    The Court refuses to enter a final judgment in this Litigation in any material respect.

31.     The Settlement Agreement may be terminated and cancelled, at the sole and exclusive discretion of Defendants, if more than 7% of the Settlement Class Members timely and validly exclude themselves from the Settlement Agreement. If the Defendants revoke the Settlement Agreement, the Parties will engage in a good faith effort to reach a modified settlement.

32.     In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Litigation.

## TIMING OF PAYMENTS FROM SETTLEMENT FUND

33.     On or before twenty-one (21) business days after the Effective Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Settlement Class Member who does not exclude themselves from the Settlement, including Plaintiffs, equal to each such Settlement Class Member's *pro rata* share of the Settlement Fund, less Administrative Expenses paid to the Settlement Administrator, the Service Awards, and the Fee Award to Class Counsel.

34.     Both the First Payment and Second Payment shall remain valid and negotiable for seventy-five (75) days from the date of their issuance and will thereafter become void if not cashed within that time period. Any funds remaining uncashed after the distribution of the Second Payment shall be distributed to a *cy pres* recipient(s) selected by the Parties and approved by the Court. The Court may revise the *cy pres* provision as necessary without terminating or otherwise impacting this Settlement Agreement, provided the Court's revision does not increase the amount that Defendants would otherwise pay under this Settlement Agreement.

35.     The Settlement Administrator shall be responsible for preparing and filing all necessary tax forms (and the equivalent state tax forms), notices, and mailings, and making any and all payments in accordance with this Settlement Agreement. Settlement Class Members who

do not exclude themselves from the Settlement Class are responsible to pay the appropriate individual taxes due on the Settlement Payments they receive.

36.    Class Counsel and Defendants' Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Settlement Class Member who does not exclude himself or herself from the Settlement Class, and no part of this Settlement Agreement constitutes tax advice. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.  Settlement Class Members who do not exclude themselves from the Settlement Class are urged to obtain counsel from a tax advisor regarding the tax consequences and obligations resulting from participating in the Settlement Agreement.

37.    The settlement payments made to Class Members under this Settlement Agreement, as well as any other payments made pursuant to this Settlement Agreement, will not be utilized to calculate any additional benefits under any benefit plans to which any Settlement Class Members may be eligible, including, but not limited to, profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Settlement Class Members may be entitled under any benefit plans.

38.    **Privacy of Documents and Information.** After the Court's entry of a Final Approval Order and Judgment approving this Settlement Agreement, all documents and information provided to Class Counsel in connection with the Litigation and in connection with Settlement discussions, if in tangible form, shall, at Class Counsel's discretion either be destroyed or returned to Defendants within sixty (60) days of entry of the Final Approval Order and Judgment.

## MISCELLANEOUS REPRESENTATIONS

39.    **Non-Admission of Liability.** Neither this Settlement Agreement, nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, is, or may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

40.    **Non-Assignment.** Plaintiffs and Plaintiffs' Counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any claims, causes of actions, demands, rights and liabilities of every nature and description released under this Settlement Agreement.

41.    **Appeal Waiver.** Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement Agreement in all material respects, the Plaintiffs, Plaintiffs' Counsel, and Defendants hereby waive any and all rights to appeal from the Final Approval Order, including all rights to institute any post-judgment proceedings, such as a motion to vacate or set-aside judgment, a motion for a new trial, and any extraordinary writ, and the Final Approval Order will become final and non-appealable as to Plaintiffs, Plaintiff's Counsel, and Defendants at the time it is entered. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

42.    **Choice of Law.** This Agreement shall be construed and enforced under the laws of the State of Illinois.

43.    **Non-Collusion.** The Parties agree that the terms and conditions of this Settlement Agreement are the result of intensive, arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

44.    **Titles and Headings.** Paragraph titles and headings are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

45.    **Integration.** This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in this Settlement Agreement (including settlement of the Litigation). Any other prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by one of the Parties or such Parties' legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties and approved by the Court.

46.    **Counterparts.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns. This Settlement Agreement may be executed in multiple counterparts with each constituting an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to the Parties and each of them. Signatures sent by facsimile machine, scanned signatures in Portable Document Format sent by email, or signatures supplied through DocuSign or similar technology shall be deemed original signatures.

47.    **Jurisdiction.** Any disputes related to this Settlement Agreement that arise prior to the dismissal of this Litigation shall be referred to the Court. The Court shall retain jurisdiction solely for purposes of addressing: (1) the interpretation and enforcement of the Settlement Agreement; and (2) settlement administration matters.

48.    **Non-Disclosure.** Except as may be necessary in response to lawful process of any judicial or adjudicative authority, otherwise required by law, or otherwise permitted in this

Settlement Agreement or consistent with their duties to communicate to Settlement Class Members, Plaintiffs and/or their attorneys will not by any means (including, but not limited to, by email, text message, posting on social media, a website, or a social media platform, or through any other form of electronic or personal communication) publicize the confidential April 22, 2024, Class Action Settlement Term Sheet related to this Settlement.

49.    **Notices.**  Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

| If to Class Counsel: | If to Defendants' Counsel: |
|---|---|
| John J. Driscoll | Michael Jacobsen |
| THE DRISCOLL FIRM, LLC | SEYFARTH SHAW LLP |
| 1311 Avenida Ponce de Leon | 233 S. Wacker Drive, Suite 8000 |
| 6th Floor | Chicago, Illinois 60606 |
| San Juan, PR  00907 | mjacobsen@seyfarth.com |
| john@jjlegal.com | |

50.    This Settlement Agreement shall be deemed executed as of the date that the last party signatory signs the Settlement Agreement.

*[remainder of page intentionally left blank]*

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

SAROYA ROBERSON

Signature:_____

Print Name:_____

Date:_____

OLABISI BODUNDE

Signature:_____

Print Name:_____

Date:_____

NICHOLLE HEADLEY

Signature:_____

Print Name:_____

Date:_____

THE DRISCOLL FIRM, LLC,
as Class Counsel

Signature:_____

Print Name: _____

Date:_____

MAESTRO    CONSULTING    SERVICES, LLC, *et al.*, Defendants

Signature:_____

Print Name:_____

Date:_____

SEYFARTH SHAW LLP, as Counsel for Defendants

Signature:_____

Print Name: _____

Date:_____

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

SAROYA ROBERSON

Signature:_____
Saroya Roberson (Jun 12, 2024 18:55 CDT)

Print Name: Saroya D Roberson
_____

Date: 06/12/2024
_____

OLABISI BODUNDE

Signature:_____

Print Name:_____

Date:_____

NICHOLLE HEADLEY

Signature:_____

Print Name:_____

Date:_____

THE DRISCOLL FIRM, LLC,
as Class Counsel

Signature:_____

Print Name: _____

Date:_____

MAESTRO CONSULTING SERVICES, LLC, *et al.*, Defendants

Signature:_____

Print Name:_____

Date:_____

SEYFARTH SHAW LLP, as Counsel for Defendants

Signature:_____

Print Name: _____

Date:_____

# Exhibit A - ROBERSON FINAL PROPOSED SETTLEMENT AGREEMENT RECD 05-29-2024 FROM PY

Final Audit Report                                                     2024-06-12

| | |
|---|---|
| Created: | 2024-06-12 |
| By: | Nancy Monseratte (nancy@jjlegal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7_9DEeT9xYofNxuyg-ycHa33A3dgyy3B |

## "Exhibit A - ROBERSON FINAL PROPOSED SETTLEMENT AGREEMENT  RECD 05-29-2024 FROM PY" History

📄 Document created by Nancy Monseratte (nancy@jjlegal.com)
2024-06-12 - 7:59:30 PM GMT

📧 Document emailed to Saroya Roberson (saroya.roberson@gmail.com) for signature
2024-06-12 - 7:59:35 PM GMT

📄 Email viewed by Saroya Roberson (saroya.roberson@gmail.com)
2024-06-12 - 11:48:38 PM GMT

✍ Signer Saroya Roberson (saroya.roberson@gmail.com) entered name at signing as Saroya Roberson
2024-06-12 - 11:55:03 PM GMT

✍ Document e-signed by Saroya Roberson (saroya.roberson@gmail.com)
Signature Date: 2024-06-12 - 11:55:05 PM GMT - Time Source: server

✔ Agreement completed.
2024-06-12 - 11:55:05 PM GMT

Adobe Acrobat Sign

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

SAROYA ROBERSON

Signature:_____

Print Name:_____

Date:_____

OLABISI BODUNDE

Signature:_____

Print Name:_____

Date:_____

NICHOLLE HEADLEY

Signature:_____*Nulk*_____
Nicholle Headley (Jun 13, 2024 08:20 CDT)

Print Name: Nicholle Headley_____

Date: 06/13/2024_____

THE DRISCOLL FIRM, LLC,
as Class Counsel

Signature:_____

Print Name: _____

Date:_____

MAESTRO CONSULTING SERVICES, LLC, *et al.*, Defendants

Signature:_____

Print Name:_____

Date:_____

SEYFARTH SHAW LLP, as Counsel for Defendants

Signature:_____

Print Name: _____

Date:_____

# Exhibit A - ROBERSON FINAL PROPOSED SETTLEMENT AGREEMENT RECD 05-29-2024 FROM PY

Final Audit Report                                           2024-06-13

| | |
|---|---|
| Created: | 2024-06-12 |
| By: | Nancy Monseratte (nancy@jjlegal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAXCE5zdawofUSHo5GO_Cgc2poxRCpJHMb |

## "Exhibit A - ROBERSON FINAL PROPOSED SETTLEMENT AGREEMENT  RECD 05-29-2024 FROM PY" History

Document created by Nancy Monseratte (nancy@jjlegal.com)
2024-06-12 - 7:55:47 PM GMT

Document emailed to Nicholle Headley (nicholeon2000@yahoo.com) for signature
2024-06-12 - 7:55:55 PM GMT

Email viewed by Nicholle Headley (nicholeon2000@yahoo.com)
2024-06-13 - 1:16:52 PM GMT

Signer Nicholle Headley (nicholeon2000@yahoo.com) entered name at signing as Nicholle Headley
2024-06-13 - 1:20:27 PM GMT

Document e-signed by Nicholle Headley (nicholeon2000@yahoo.com)
Signature Date: 2024-06-13 - 1:20:29 PM GMT - Time Source: server

Agreement completed.
2024-06-13 - 1:20:29 PM GMT

Adobe Acrobat Sign

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

SAROYA ROBERSON

Signature:_____

Print Name:_____

Date:_____

MAESTRO    CONSULTING    SERVICES, LLC, *et al.*, Defendants

Signature:_____

Print Name:_____

Date:_____

OLABISI BODUNDE

Signature:_____

Print Name:___Olabisi Bodunde___

Date:___6/21/2024___

SEYFARTH SHAW LLP, as Counsel for Defendants

Signature:_____

Print Name: _____

Date:_____

NICHOLLE HEADLEY

Signature:_____

Print Name:_____

Date:_____

THE DRISCOLL FIRM, LLC,
as Class Counsel

Signature:_____

Print Name: _____

Date:_____

29