IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAROYA ROBERSON; NICHOLLE HEADLEY; and OLABISE BODUNDE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>v.<br><br>MAESTRO CONSULTING SERVICES, LLC, INDIVIDUALLY and d/b/a SYMPHONY POST ACUTE NETWORK; SYMPHONY SYCAMORE, LLC d/b/a SYMPHONY SYCAMORE VILLAGE; SYMPHONY BEVERLY, LLC d/b/a SYMPHONY AT 87TH STREET; SYMPHOPNY BRONZEVILLE PARK, LLC d/b/a SYMPHONY OF BRONZEVILLE PARK; SYMPHONY OF EVANSTON HEALTHCARE, LLC d/b/a SYMPHONY OF EVANSTON; SYMPHONY PARK SOUTH, LLC d/b/a SYMPHONY OF MORGAN PARK; SYMPHONY SOUTH SHORE, LLC d/b/a SYMPHONY OF SOUTH SHORE; and JOHN DOE 1 through 100,<br><br>    Defendants. | Case No. 3:20-CV-00895-NJR |

### FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement. (Doc. 181). For good cause shown, the Court **GRANTS** final approval of the proposed settlement as follows:

Page 1 of 7

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Class Action Settlement and Release Agreement and Exhibits attached thereto, which are fully adopted and incorporated herein. (Doc. 177-1).

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached Exhibits (Doc. 177-1 through 177-9), and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. On December 8, 2017, Representative Plaintiff, Saroya Roberson, filed this lawsuit in the St. Clair County Circuit Court alleging that the policies and practices of Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

4. From the initial filing of the lawsuit and through the present, the parties have: (1) engaged in extensive written discovery in both the state and federal courts, including numerous meet and confer conferences and with motion to compel practice on both sides; (2) appealed, fully briefed, and argued two different legal issues in the Illinois Fifth District Court of Appeals; (3) had this case removed to this federal court; (4) fully briefed federal question jurisdiction; (5) been stayed for lengthy periods of time pending the outcome of several seminal BIPA appellate decisions; (6) taken the three representative plaintiffs' depositions; and (7) preliminarily settled this matter on February 22, 2024, with the able assistance of JAMS Mediation, Arbitration and ADR Services and the Honorable Wayne Andersen (Ret.). (Exhibit 1 to Plaintiffs' Unopposed Motion for Final Approval of Attorneys' Fees and Service Awards, (Doc. 182), Declaration of Class Counsel

("DCC", ¶¶ 11-23, and Exhibit A thereto; Doc. 177, pp. 5-9).

5. Plaintiffs filed an unopposed Motion for Preliminary Approval of the Class Action Settlement and Release Agreement on June 26, 2024. (Doc. 177).

6. On August 5, 2024, this Court granted preliminary approval of the Class Action Settlement and Release Agreement pursuant to Rule 23(e); set a fairness hearing for November 13, 2024; approved the proposed Notice of Proposed Class Action Settlement to Settlement Class Members; and directed the parties to send the Notice of Proposed Class Action Settlement to all Settlement Class Members as outlined in the Class Action Settlement and Release Agreement. (Doc. 178). As part of this process, the Court preliminarily approved the following Settlement Class for settlement purposes only:

> "All persons who were non-union persons at the time they used a finger or hand scan timekeeping device at one of the following Symphony Facilities located in Illinois from August 17, 2012 to present but did not execute a release and receive notice pursuant to the Illinois Biometric Information Privacy Act on or before their first date of use…"

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

8. The Court finds for purposes of settlement that there is a bona fide legal dispute between the Parties as to whether Defendants violated BIPA.

9. The Class Action Settlement and Release Agreement resolves the individual and class claims of the preliminarily approved Class Plaintiffs and Settlement Class Members pursuant to Illinois law. The Agreement is subject to final approval by

this Court pursuant to Federal Rule of Civil Procedure 23(e), and the Court grants final approval of the Class Action Settlement and Release Agreement filed and preliminarily approved by the Court. (Docs. 177-1 & 178).

10. The issues in this case were contested. The Class Action Settlement and Release Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating BIPA claims. (Doc. 177-1).

11. The Parties have filed a Declaration from the Settlement Administrator, Analytics Consulting, LLC, verifying that the preliminarily approved Notice of Proposed Class Action Settlement was distributed in the form and manner approved by the Court as set forth in the Class Action Settlement and Release Agreement. (Doc. 177-1). There were no requests for exclusions from the Settlement Class and no objections to the proposed Class Action Settlement and Release Agreement. The Notice was received by just under 88% of all possible Settlement Class Members for whom addresses were obtained. (Exhibit 2 to the Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement, (Doc. 181), Settlement Administrator Declaration ("SAD")).

12. The Court finds that the Settlement Class Members were given adequate notice of the pendency of this action, the proposed settlement and its terms, the ability and means by which to object and/or opt out, and the date of the fairness hearing as ordered by the Court. (Doc. 178). The Court further finds that the notice was reasonable and the best notice practicable, thus satisfying the requirements of Rule

23(c)(2) and the Due Process Clauses of the United States and Illinois Constitutions.

13. The Court also finds that the proposed Class Action Settlement and Release Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class and satisfies the standard for final approval of a class action settlement under Rule 23(e).

14. Further, the proposed Settlement Class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiffs are adequate representatives of the Settlement Class and possess the same interests and suffered the same alleged injuries as the other Settlement Class Members. The Settlement Class encompasses people with like factual circumstances and like claims. Under the circumstances described in the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 181), the settlement payments to be made to the Settlement Class Members are commensurate with their alleged claims.

15. The Court approves the Class Action Settlement and Release Agreement and orders that it be implemented according to its terms and conditions. (Doc. 177-1).

16. The Court orders that the Class Action Settlement and Release Agreement's Gross Settlement Amount of $2,800,000.00 be distributed by the Settlement Administrator in the manner described in the Class Action Settlement and Release Agreement. (Doc. 177-1).

17. The Court approves the Service Awards to each of the three Class Plaintiffs in the amount of $10,000.00 and orders that they be paid in the manner, and upon the terms and conditions, set forth in the Class Action Settlement and Release Agreement. (Doc. 177-1).

18. The Court approves the payment of attorneys' fees of $1,120,000.00 (representing forty percent (40%) of the Gross Settlement Amount) and $68,186.85 in reasonable litigation-related expenses to Class Counsel, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Class Action Settlement and Release Agreement. (Doc. 177-1).

19. The Court approves the payment of $49,190.00 in administrative fees to the Settlement Administrator, Analytics Consulting, LLC, and orders that such payment be made in the manner, and upon the terms and conditions set forth in the Class Action Settlement and Release Agreement. (Doc. 177-1).

20. The Class Plaintiffs and Settlement Class Members shall release their claims against Defendants as provided in the Class Action Settlement and Release Agreement and orders that such release be made in the manner, and upon the terms and conditions set forth in the Class Action Settlement and Release Agreement. (Doc. 177-1).

21. The Parties are to bear their respective attorneys' fees and costs except as provided in the Class Action Settlement and Release Agreement. (Doc. 177-1).

22. The Court retains jurisdiction over this lawsuit for the purpose of implementing and enforcing the Class Action Settlement and Release Agreement, to the extent

permitted by law. (Doc. 177-1).

23. The Parties and Settlement Class Members are bound by the terms and conditions of the Class Action Settlement and Release Agreement. (Doc. 177-1). The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of the Settlement Class Members.

**IT IS SO ORDERED.**

DATED:  November 14, 2024

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**